Pat S. HOLLOWAY, Individually, et al., Plaintiffs-Appellees,

v.

Judge Dee Brown WALKER, Defendant-Appellant.

No. 85–1418.

United States Court of Appeals, Fifth Circuit.

March 19, 1986.

---

Bruce W. Claycombe, Kenneth L. King, Dallas, Tex., for defendant-appellant.

W. James Kronzer, J. Bruce Bennett, Joe H. Reynolds, Joseph D. Jamail, Jr., Houston, Tex., for plaintiffs-appellees.

Dennis Olson, R. Jack Ayres, Jr., Thomas V. Murto, III, Dallas, Tex., for Humble and Sterling.

Before CLARK, Chief Judge, POLITZ, and WILLIAMS, Circuit Judges.

PER CURIAM:

Judge Dee Brown Walker appeals the trial court's denial of his request for attorney's fees. We affirm.

The facts involved in this litigation have been fully chronicled in the numerous prior decisions rendered by the court in this case. Thus, only those facts pertinent to this appeal will be recounted. Holloway and Humble brought suit against Judge Walker, the Brownings and legal counsel for the Brownings among others, alleging that they had been deprived of their property without due process by a biased tribunal in violation of 42 U.S.C. § 1983. The complaint alleged that Walker and the other defendants conspired to seize control of Humble through abuse of Walker's judicial office. In support of these allegations, Holloway contends that Walker arranged to have a suit that was initiated by a group of investors against Holloway and Humble brought before his court contrary to the usual procedure for assigning cases and that he imposed receiverships on Humble's and Holloway's assets in direct defiance of an order of mandamus issued by the Texas Court of Appeals to prohibit interference in Humble's business. Holloway further contends that in furtherance of the conspiracy, Walker appointed an incompetent receiver for Humble, posted guards at Humble headquarters and conducted ex parte meetings with the investors who were attempting to wrest control of Humble from Holloway.

The district court granted motions for summary judgment by Judge Walker and the other defendants on the 42 U.S.C. § 1983 claims. After the trial court entered the summary judgment, Judge Walker filed an application for attorney's fees as

authorized by 42 U.S.C. § 1988.[1] The application was denied. In denying Walker's application, the district court stated that it found no basis for the award of attorney's fees. Judge Walker contends that the district judge used the wrong legal standards in reviewing the application, or, alternatively, abused his discretion by denying the application for attorney's fees.

▆ Section 1988 has been interpreted to provide for the recovery of costs by a prevailing defendant when a plaintiff maintains an unfounded action in bad faith, vexatiously, wantonly, or for oppressive reasons. *Kinnear-Weed Corp. v. Humble Oil & Refining Co.*, 441 F.2d 631, 636–37 (5th Cir.), *cert. denied*, 404 U.S. 941, 92 S.Ct. 285, 30 L.Ed.2d 255 (1971). The reasonableness of a plaintiff's claim must be assessed as of the time the suit was filed. *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1141 (5th Cir.1983).

▆ Contrary to Judge Walker's assertion, the district court judge applied the proper legal standard and did not abuse his discretion. There was a basis for this litigation notwithstanding the doctrine of judicial immunity. *See Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984) (where the Court found that "[j]udicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity," thus exposing a state court judge to an award of attorney's fees).

▆ The law on intentional deprivations under color of state law was in a state of flux at the time the suit was filed and while the suit was pending, the Supreme Court decided an issue directly affecting this case. *See Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). As the district court stated in its order denying the application for attorney's fees, *"Hudson* marked a clear extension of prior law ... and was the sole basis for the disposition of this action." Evolution of

the law during the pendency of litigation is an insufficient basis for a claim of frivolity.

The judgment appealed from is AFFIRMED.

---

1. 42 U.S.C. § 1988 provides: "[T]he Court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."