887 F.2d 553
 14 Fed.R.Serv.3d 1245, Bankr. L. Rep. P 73,148
 Jane H. BROWNING, Individually and as Co-Independent
Executrix of the Estate of William W. Browning,
Jr., et al., Plaintiffs-Appellees,
v.
Don NAVARRO, Individually and as Trustee for Pat S.
Holloway, et al., Defendants,
Pat S. Holloway, Defendant-Appellant.
Jane H. BROWNING, et al., Plaintiffs-Appellants,
v.
Don NAVARRO, et al., Defendants-Appellees.
 Nos. 88-1761, 88-1894.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 23, 1989.
 
 R. Jack Ayres, Jr., Thomas V. Murto, III, Law Offices of R. Jack Ayres, Jr., Dallas, Tex., for Jane H. Browning, et al.
 Pat S. Holloway, Austin, Tex., pro se.
 Marshall Simmons, Dallas, Tex., for Don Navarro et al.
 Andrew L. Smith, Dallas, Tex., for Robbie Holloway.
 Appeals from the United States District Court For the Northern District of Texas.
 Before POLITZ, DAVIS and DUHE, Circuit Judges.
 DUHE, Circuit Judge:
 
 
 1
 Plenty of process has been provided to the parties in this dispute.[1] It is fair to say that seldom have so many judgments decided so little. We must decide whether any process is still due. We conclude that the litigants have had their day in court and that it is time to end this dispute.
 
 I. The Hatfields and the McCoys
 
 2
 The dispute began in 1979 when the Brownings sued Holloway in Texas state court.[2] Holloway filed for bankruptcy under Chapter 11 on November 19, 1979 and removed the case to a federal bankruptcy court which remanded it back to state court. The bankruptcy court modified the automatic stay so as to permit the trial to go forward. In 1982 a group of investors sued Holloway and the Brownings in state court. The Brownings cross-claimed against Holloway. The 1982 case was presided over by Judge Walker who consolidated it with the 1979 case. Judge Walker later severed the 1979 case from the 1982 case and the Brownings won a judgment of $82 million.[3] The 1982 case remained dormant until 1987 when the Brownings' third party complaint against Holloway was dismissed with prejudice upon joint motion of the parties.[4]
 
 
 3
 Holloway and the Brownings did not meekly accept the hand dealt them by Judge Walker's $82 million judgment. In addition to the convoluted proceedings in state court, the feud between the parties spawned two federal lawsuits. Holloway drew first blood by suing the Brownings and Judge Walker under 42 U.S.C. Sec. 1983 on November 18, 1982 and the Brownings reciprocated by suing the trustee of Holloway's bankrupt estate to enforce the Walker judgment on March 2, 1983.
 
 
 4
 Holloway sued the Brownings and Judge Walker in federal court under Sec. 1983 alleging that they conspired to deny his right to a fair trial in the 1979 state court suit. The district court dismissed the suit on the ground that Holloway had an adequate state court remedy because he could appeal the 1979 judgment. Holloway's claim under 42 U.S.C. Sec. 1983 was dismissed with prejudice and the pendent state law claims were dismissed without prejudice. The judgment was affirmed on appeal. Holloway v. Walker, 784 F.2d 1287 (5th Cir.) (per curiam), cert. denied, 479 U.S. 984, 107 S.Ct. 571, 93 L.Ed.2d 576 (1986).[5]
 
 
 5
 After filing the Sec. 1983 claim, Holloway appealed the Walker judgment but posted no supersedeas bond to stay its execution. The appeal was dismissed.[6] On October 12, 1982, Holloway converted his Chapter 11 proceeding to Chapter 7. A trustee was appointed. He refused to satisfy the Walker judgment and the Brownings brought suit in federal court to enforce the judgment. The suit was heard by a federal district court sitting in bankruptcy. See Browning v. Navarro, 37 B.R. 201, 207 (N.D.Tex.1983), rev'd, 743 F.2d 1069 (5th Cir.1984).
 
 II. Issues on Appeal
 
 6
 The present appeals stem from the suit brought by the Brownings to enforce the Walker judgment. The disposition of the various stages in this suit play an important role in shaping the issues on appeal. In Browning I we held that Judge Walker's court had jurisdiction to render the $82 million judgment. Browning I, 743 F.2d 1069 (5th Cir.1984). In Browning II we stated that there were only two issues left to be decided on remand. Browning II, 826 F.2d 335, 346 (5th Cir.1987). Holloway could argue that the Walker judgment was void because it was obtained by fraud. The Brownings could argue that Holloway was precluded by res judicata from raising the issue of fraud. On remand from Browning II, the district court denied the Brownings' motion for summary judgment and held that Holloway was not precluded by res judicata from attacking the Walker judgment. This issue was certified for interlocutory appeal under 28 U.S.C. Sec. 1292(b) and the Brownings now appeal.
 
 
 7
 The district court also denied Holloway's motions for summary judgment which sought to enjoin enforcement of the Walker judgment. The denial of summary judgment was appealed as of right under 28 U.S.C. Sec. 1292(a)(1). In 88-1761 Holloway raises five issues on appeal: (1) whether the Walker judgment is unenforceable because there is a later inconsistent judgment; (2) whether the Brownings are precluded by res judicata from enforcing the Walker judgment; (3) whether the Brownings are precluded by the clean hands doctrine from enforcing the Walker judgment; (4) whether Holloway is entitled to summary judgment on his fraud on the court claim; and (5) whether our decision in Browning II required the district court to vacate its enforcement of the Walker judgment.
 
 
 8
 We will not address all of the issues raised by Holloway. The cumulative weight of past and present dispositions of this case limits the issues that may be raised. Issue four, we decide, is precluded by res judicata and issue five is rendered moot by that decision. Holloway may not seek summary judgment on his fraud on the court claim because we hold that res judicata precludes him from raising it. Nor can Holloway ask us to vacate the enforcement of the Walker judgment because it is valid and enforceable.
 
 
 9
 The other three issues raised by Holloway, moreover, conflict with our previous remand order. In Browning II we held that the only issue which Holloway could raise on remand was his fraud on the court claim. Language permitting other issues to be raised was noticeably absent from our opinion. The decision of an appellate court on an issue of law becomes the law of the case on remand. See Ex parte Sibbald v. United States, 37 U.S. (12 Pet.) 488, 492, 9 L.Ed. 1167 (1838) and E.E.O.C. v. Int'l Longshoremen's Ass'n, 623 F.2d 1054, 1058 (5th Cir.1980). The law of the case doctrine does not bar a later court from considering matters that "could have been, but were not, raised and resolved in the earlier proceeding." Signal Oil & Gas Co. v. Barge W-701, 654 F.2d 1164 (5th Cir.1981), cert. denied, 455 U.S. 944, 102 S.Ct. 1440, 71 L.Ed.2d 656 (1982). See also In re Sanford Fork & Tool Co., 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414 (1895). Later courts may not consider matters which were " 'decided by necessary implication as well as those decided explicitly.' " Morrow v. Dillard, 580 F.2d 1284, 1290 (5th Cir.1978) (quoting Carpa, Inc. v. Ward Foods, Inc., 567 F.2d 1316, 1320 (5th Cir.1978)). When we stated in Browning II that the only issue which Holloway could raise on remand was his fraud on the court claim, we necessarily implied that Holloway could raise no other issues. Thus, all of the remaining issues raised by Holloway run afoul of our mandate in Browning II.
 
 
 10
 There are exceptions, however, to the law of the case doctrine. The law of the case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." Messinger v. Anderson, 225 U.S. 436, 443, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912). See also Loumar v. Smith, 698 F.2d 759, 762 (5th Cir.1983). We have the discretion to ignore a previous decision if substantially different evidence has been presented, there has been an intervening change in the law, or the prior decision was clearly erroneous and it would work a manifest injustice. See Falcon v. General Tel. Co., 815 F.2d 317, 310 (5th Cir.1987) and White v. Murtha, 377 F.2d 428, 431-32 (5th Cir.1967).
 
 
 11
 Issues (1) and (3) present substantially different evidence than was available when Browning II was decided and, therefore, will be considered today. Browning II was decided on August 26, 1987 whereas the allegedly inconsistent judgment was rendered on September 17, 1987. The actions of the Brownings which allegedly rendered their hands unclean also occurred, at least in part, after Browning II was decided. These two issues, therefore, present new evidence.
 
 
 12
 Although issues (1) and (3) are properly before us, the same cannot be said for issue (2). Holloway claims that the Walker judgment should have been asserted as a compulsory counterclaim in Holloway v. Walker. Holloway argues that since the Brownings failed to raise the Walker judgment in the previous litigation, it is now barred by res judicata. This issue does not fall within any of the exceptions to the law of the case doctrine and, therefore, will not be considered.
 
 
 13
 In short, the parties raise three issues that deal with whether the Walker judgment may be enforced. One is raised by the Brownings in 88-1894 and two are raised by Holloway in 88-1761. Before we may deal with the merits of this dispute, however, we dispose of two jurisdictional issues in Part III of this opinion. In Part IV of this opinion we reverse the district court and hold that Holloway is precluded by res judicata from claiming that the Walker judgment was fraudulent. In Part V we hold that the clean hands doctrine does not provide a basis for setting aside the Walker judgment. In Part VI we hold that the 1987 state court judgment does not nullify the Walker judgment.
 
 III. Jurisdiction
 
 14
 The present appeal presents two jurisdictional issues. First, we must decide whether a court of appeals may hear an interlocutory appeal from a district court acting as a trial court in bankruptcy. Second, we must decide whether Holloway's interlocutory appeal in 88-1761 is timely.
 
 
 15
 Both of the appeals presently before us are interlocutory. They arguably constitute, moreover, core proceedings. See 28 U.S.C. Sec. 157(b)(2)(B) ("Core proceedings include ... allowance or disallowance of claims against the estate). Section 158 governs appeals, both to the district court and to the court of appeals, when a core case is heard by a bankruptcy judge. Under such circumstances, it authorizes interlocutory appeals to the district court but forbids such an appeal to the court of appeals. See In re Watson, 884 F.2d 879 (5th Cir.1989); In re Delta Servs. Industr., 782 F.2d 1267, 1268-69 (5th Cir.1986); In re Barrier, 776 F.2d 1298, 1299 (5th Cir.1985) and In re Teleport Oil Co., 759 F.2d 1376, 1377-78 (9th Cir.1985). When a bankruptcy matter is heard first by a federal district court, 28 U.S.C. Sec. 158 does not govern appeals from its decisions. It is quite clear that if Sec. 158 governed appellate jurisdiction in the instant case, no appeal would lie from any decision of the district court, either final or interlocutory. Section 158(d) states "The courts of appeal shall have jurisdiction of appeals from all final decisions ... entered under subsections (a) and (b) of this section." Only Sec. 158(a) is applicable to this case and it states "The district courts ... shall have jurisdiction to hear appeals from final judgments ... [and] from interlocutory orders ... entered in cases ... referred to bankruptcy judges." Since the instant case was not referred to a bankruptcy judge, the dictates of Sec. 158 do not apply. 28 U.S.C. Sec. 1291 governs appeals from final decisions and Sec. 1292 governs appeals of interlocutory orders when a district court acts as a trial court in determining core matters. See 1 Collier on Bankruptcy Secs. 3.03[a], 3.03[d][ii] (L. King 15th ed.1989).
 
 
 16
 By an order filed December 21, 1988, this Court concluded that the appeal was timely. This order is not etched in stone:
 
 
 17
 [A] preliminary motion to dismiss for want of jurisdiction is submitted to a motions panel for disposition.... A denial by a motions panel of a motion to dismiss for want of jurisdiction, however is only provisional.... [T]he panel to which the case falls for disposition on the merits may conclude that the motions decision was improvident and should be reconsidered.
 
 
 18
 E.E.O.C. v. Neches Butane Products Co., 704 F.2d 144, 147 (5th Cir.1983). See also Western Elec. Co. v. Milgo Electronic Corp., 568 F.2d 1203, 1206 (5th Cir.), cert. denied, 439 U.S. 895, 99 S.Ct. 255, 58 L.Ed.2d 241 (1978) and Austracan (U.S.A.) Inc. v. M/V Lemoncore, 500 F.2d 237, 239 (5th Cir.1974). The district court's decision was rendered on August 26, 1988. It was amended on September 19, 1988 in order to certify the decision for appeal and a petition for permission to appeal was filed on September 29, 1988. Holloway's notice of appeal was filed on October 3, 1988. The motions panel concluded that the appeal was timely because it was filed within thirty days of a motion amending the judgment. Fed.R.App.P. 4(a)(4).
 
 
 19
 The Brownings contend, however, that a motion to certify a judgment for interlocutory appeal is not the same as a motion to amend or alter the judgment under Fed.R.Civ.P. 59(e) and Holloway, therefore, should not be granted 30 days to appeal under Fed.R.App.P. 4(a)(4). They note that a Rule 59(e) motion must be made within ten days of entry of judgment whereas their motion to certify the judgment for interlocutory appeal was made after more than ten days had passed. They argue that any motion not made within 10 days of entry of judgment cannot be considered a Rule 59(e) motion. See, e.g., Washington v. Patlis, 868 F.2d 172, 174 (5th Cir.1989) and 9 J.W. Moore, B.J. Ward, and J.D. Lucas, Moore's Federal Practice Sec. 204.12(1) (2d ed.1989). Since the motion for interlocutory appeal does not trigger Rule 4(a)(4), Holloway had thirty days from the date judgment was entered to appeal under Fed.R.App.P. 4(a)(4) and Holloway's appeal, therefore, is untimely.
 
 
 20
 Even if a motion for interlocutory appeal does not trigger the provisions of Fed.R.App.P. 4(a)(4), Holloway's appeal is timely under Fed.R.App.P. 4(a)(3). Once the Brownings filed a notice of appeal, Rule 4(a)(3) granted Holloway fourteen days in which to file his appeal. The Brownings of course never actually filed a formal notice of appeal but their petition for interlocutory appeal is the functional equivalent of a notice of appeal. See Cobb v. Lewis, 488 F.2d 41, 46 (5th Cir.1974) (the petition is a "considerably more informative and formidable document than is an ordinary notice of appeal" and the former is the equivalent of the latter for purposes of Fed.R.App.P. 3) and In re Bertoli, 812 F.2d 136, 138 (3rd Cir.1987). An appellate court is not free to waive the jurisdictional requirements of Rules 3 and 4 of appellate procedure[7] but it does have the "discretion, when the interests of justice require it, to disregard irregularities in the form of procedure for filing a notice of appeal." Cobb, 488 F.2d at 44.
 
 IV. Res Judicata
 
 21
 In order for a judgment to serve as a bar to a subsequent action, four conditions must be met: "the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits, and the same cause of action must be involved in both cases." Nilsen v. City of Moss Point, 701 F.2d 556, 559-60 (5th Cir.1983) (en banc) (quoting Kemp v. Birmingham News Co., 608 F.2d 1049, 1052 (5th Cir.1979)). Res judicata
 
 
 22
 constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.
 
 
 23
 Cromwell v. County of Sac, 94 U.S. (4 Otto) 351, 352, 24 L.Ed. 195, 197 (1877).
 
 
 24
 Three of the four conditions necessary to trigger res judicata are readily satisfied. Both in the instant action and in Holloway v. Walker, 784 F.2d 1294 (5th Cir.1986) the gravamen of Holloway's complaint is that the Walker judgment was fraudulently obtained. Since the claims arise out of one transaction, they involve one cause of action. Nilsen, 701 F.2d at 560 n. 4 and RESTATEMENT (SECOND) OF JUDGMENTS Sec. 24, Comment A. The parties to the two actions are, of course, the same. Nor does anyone seriously dispute that the Sec. 1983 judgment was final and on the merits.[8] The district court held, however, that Holloway is not barred by res judicata from collaterally attacking the allegedly corrupt Walker judgment because the court which heard the Sec. 1983 claim lacked subject matter jurisdiction over the fraud claim and, in the alternative, because res judicata does not bar a collateral attack on a judgment rendered by an allegedly crooked judge.
 
 
 25
 It is black-letter law that a claim is not barred by res judicata if it could not have been brought. If the court rendering judgment lacked subject-matter jurisdiction over a claim or if the procedural rules of the court made it impossible to raise a claim, then it is not precluded. RESTATEMENT (SECOND) OF JUDGMENTS Sec. 26(1)(c). See also Nilsen, 701 F.2d at 562-63 and D-1 Enterprises, Inc. v. Commercial State Bank, 864 F.2d 36, 38-39 (5th Cir.1989). In order to determine the preclusive effect of Holloway v. Walker, we must first pinpoint the precise nature of the claim which Holloway is asserting and then determine whether this claim could have been heard alongside the Sec. 1983 claim adjudicated by the Holloway court.
 
 
 26
 Holloway's fraud claim is grounded on Heiser v. Woodruff, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946). In Heiser a creditor sought to assert a judgment against the bankrupt. 327 U.S. at 728-29, 66 S.Ct. at 854-55. The trustee moved to vacate the judgment on the ground that it was fraudulent. The Supreme Court reasoned "since the bankruptcy act authorizes a proof of claim based on a judgment, such a proof may be assailed in the bankruptcy court on the ground that the purported judgment is not a judgment because of want of jurisdiction of the court which rendered it over the persons of the parties or the subject matter of the suit or because it was procured by fraud of a party." 327 U.S. at 736, 66 S.Ct. at 857. In Browning II, we held that judgment procured by fraud includes the type of fraud which Holloway now alleges. 826 F.2d at 342-45.
 
 
 27
 The claim made in Heiser is not peculiar to bankruptcy courts. All federal courts may entertain motions to vacate a judgment on the ground that it is fraudulent. See Fed.R.Civ.P. 60(b) and Banker's Mortgage Co. v. United States, 423 F.2d 73, 77-79 (5th Cir.), cert. denied, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970). See also RESTATEMENT (SECOND) OF JUDGMENTS Sec. 70. As a general rule, however, and one with very few exceptions, federal courts may not entertain an independent action to enjoin state court judgments. See Warriner v. Fink, 307 F.2d 933, 936 (5th Cir.1962), cert. denied, 372 U.S. 943, 83 S.Ct. 937, 9 L.Ed.2d 969 (1963) (in "light of the anti-injunction statute, 28 U.S.C. Sec. 2283, we hold that the federal court had no jurisdiction to enjoin the enforcement of, or to set aside, or to hold null and void" the state court judgment); Gloucester Marine Railways Corp. v. Parisi, 848 F.2d 12 (1st Cir.1988); RESTATEMENT (SECOND) OF JUDGMENTS Sec. 79, comment (d); and 11 A.R. Wright & C.A. Miller, Federal Practice and Procedure Secs. 2868, 4223 (1973).
 
 
 28
 Bankruptcy courts are not prohibited by the anti-injunction act from entertaining a motion to vacate a fraudulent state court judgment. 11 U.S.C. Sec. 105 is "an authorization, as required under 28 U.S.C. Sec. 2283, to stay the action of a state court." See H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 317 (1977), reprinted in 2 Collier on Bankruptcy: Appendix (L. King 15th ed.1989) and S.Rep. No. 95-989, 95th Cong., 2d Sess. 29 (1978), reprinted in 3 Collier on Bankruptcy: Appendix (L. King 15th ed.1989), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5815, 6274.
 
 
 29
 Section 105, moreover, authorizes a bankruptcy court to void a state court judgment on the ground that it is fraudulent. It empowers a bankruptcy court to "fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code." United States v. Sutton, 786 F.2d 1305, 1307 (5th Cir.1986). See also 2 Collier on Bankruptcy Sec. 105.02 (L. King 15th ed.1989). Section 105, however, does not "authorize bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law or constitute a roving commission to do equity." Sutton, 786 F.2d at 1308. See also Official Comm. of Equity Sec. Holders v. Mabey, 832 F.2d 299, 302 (4th Cir.1987), cert. denied, 485 U.S. 962, 108 S.Ct. 1228, 99 L.Ed.2d 428 (1988) and Southern Ry. Co. v. Johnson, 758 F.2d 137, 141 (3rd Cir.1985). One of the tasks of bankruptcy courts is to allow or disallow claims asserted against the estate. In order to share in the distribution of the assets of an estate, a claim must be allowed. A claim which is filed is considered allowed unless a party objects. 11 U.S.C. Sec. 502(a). One ground for objecting to a claim is that "a claim is unenforceable against the debtor and property of the debtor under ... applicable law." 11 U.S.C. Sec. 502(b)(1). Since bankruptcy courts are in the business of allowing and disallowing claims, such a claim falls within the ambit of Sec. 105.
 
 
 30
 It would have been possible, moreover, for Holloway to have raised his fraud claim by invoking the bankruptcy jurisdiction of the district court which heard his 42 U.S.C. Sec. 1983 claim in Holloway v. Walker. At the time the Sec. 1983 suit was brought, Holloway's bankruptcy was still in progress. If he had sought to enjoin the Walker judgment, he would have initiated an adversary proceeding. 2 Collier on Bankruptcy Sec. 102.02 (L. King 15th ed.1989) and B.R. 7001(7).[9] Holloway filed for bankruptcy under the Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, 92 Stat. 2549.[10] In Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) the Court declared unconstitutional the 1978 Act's grant of jurisdiction to bankruptcy courts. 458 U.S. at 87, 102 S.Ct. at 2880. In the wake of Marathon an "Emergency Rule" was adopted and governed bankruptcy proceedings until the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, 98 Stat. 333 was enacted. See 1 Collier on Bankruptcy Sec. 3.01[b][v] (L. King 15th ed.1989). If Holloway had asserted his fraud claim in the Holloway v. Walker case, it would have been governed by the Emergency Rule.[11] The Emergency Rule provided that a proceeding to enjoin a court could not be performed by a bankruptcy judge and had to be performed by the district court. See Emergency Rule (d)(1)(A).[12] It is clear, therefore, that the district court which heard Holloway's Sec. 1983 claim could have heard his fraud claim.[13] In short, the four prerequisites of res judicata are satisfied.[14]
 
 
 31
 Holloway, foreseeing the handwriting on the wall, attempts to escape the iron grip of res judicata by arguing that bankruptcy courts are not bound by claim preclusion but only by collateral estoppel. Holloway contends that even if he could have raised his fraud claim alongside the Sec. 1983 claim, this Court, as a court sitting in bankruptcy, is only precluded by the issues that were actually litigated. Holloway's argument finds a reed of support in Margolis v. Nazareth Fair Grounds & Farmers Market, 249 F.2d 221 (2d Cir.1957). In Margolis, the Second Circuit dismissed language in Heiser stating that bankruptcy courts are bound by claim preclusion as dictum:
 
 
 32
 [I]n language unnecessary to the decision the [Supreme Court] went on to say that in general not only are defenses previously litigated res judicata but defenses "which could have been but were not raised and litigated in the suit" are also res judicata.
 
 
 33
 Id. at 224 (quoting Heiser, 327 U.S. at 735, 66 S.Ct. at 857). The court reasoned that bankruptcy courts are courts of equity and, therefore, are not bound by strict notions of res judicata. Id.
 
 
 34
 The Margolis court was right in characterizing the Supreme Court's language in Heiser as dictum[15] but it was wrong to dismiss it as not being the law. The contours of res judicata are somewhat different for bankruptcy courts than they are for other courts because tasks which have been delegated to the former by Congress may not be interfered with by the decisions of other courts. See, e.g., Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939) (state court judgment as to the validity of a claim does not preclude its equitable subordination in a bankruptcy proceeding) and Brown v. Felsen, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) (whether a claim against the debtor is dischargeable in bankruptcy may not be precluded by another court's judgment). These two cases, however, do not rely on some general principle that claim preclusion does not apply in bankruptcy proceedings but rest on the more modest proposition that bankruptcy courts have a job to do and sometimes they must ignore res judicata in order to carry out Congress' mandate. See RESTATEMENT (SECOND) OF JUDGMENTS Secs. 26(1)(d) (res judicata does not apply when "[t]he judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory ... scheme"), 86. As a general rule bankruptcy courts are bound by both branches of res judicata. See, e.g., Heiser, 327 U.S. at 733, 66 S.Ct. at 856; In re Bertoli, 812 F.2d 136, 140 (3rd Cir.1987); Kelleran v. Andrijevic, 825 F.2d 692, 694-95 (2nd Cir.1987); cert. denied, 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988); In re Comer, 723 F.2d 737, 739 (9th Cir.1984); Kapp v. Naturelle, Inc., 611 F.2d 703, 707-709 (8th Cir.1979); See also J.W. Moore, J.D. Lucas, and T.S. Currier, Moore's Federal Practice Secs. 0.419 ("While particular features of ... bankruptcy ... create special problems in the law of judicial finality, the general principles of res judicata are applicable"), 0.419[3-6]. We reject the notion that the salutary principle of Cromwell v. County of Sac, 94 U.S. 351, does not govern all federal courts.
 
 
 35
 As an alternative ground for denying res judicata effect to the Sec. 1983 judgment, the district court relied on Kinnear-Weed Corp. v. Humble Oil & Refining Co., 403 F.2d 437 (5th Cir.1968) (en banc). In Kinnear-Weedthe petitioner sought to set aside a judgment on the ground that the trial judge had a substantial financial interest in the outcome of the suit. The petitioner made two collateral attacks on the allegedly corrupt judgment. The first motion to vacate the judgment was rejected. The petitioner repeated his arguments in another proceeding and we held that our decision to reject the first motion did not preclude us from considering the merits of the petitioner's arguments:
 
 
 36
 [T]his is a matter which transcends the interests of the parties. The purity of the judicial process and its institutions is the thing at stake. Whatever might be the usual consequences of res judicata ..., we reject them here.
 
 
 37
 403 F.2d at 439-40. The Brownings respond by arguing that the United States Supreme Court overruled Kinnear-Weed, sub silentio, in Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981).
 
 
 38
 The Supreme Court in Moitie rejected the argument that equity could provide the basis for ignoring res judicata:
 
 
 39
 The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply 'no principle of law or equity which sanctions the rejection by a federal court of ... res judicata.'
 
 
 40
 452 U.S. at 401, 101 S.Ct. at 2429 (quoting Heiser, 327 U.S. at 733, 66 S.Ct. at 856). We do not need to decide today, however, whether Kinnear-Weed survives Moitie unscathed. In Kinnear-Weed the allegedly corrupt judgment was rendered by a federal judge. The court system on which the fraud is perpetrated may well have an interest in curing the wrong which outweighs the principle of res judicata. This Court, on the other hand, is dealing with a judgment rendered by a state court judge. Comity counsels that any problems in a state judicial system should be remedied within that system. Equity does not, in the instant case, outweigh res judicata.
 
 V. The Clean Hands Doctrine
 
 41
 Holloway claims that the doctrine of unclean hands provides a basis for vacating the Walker judgment. There are three procedures for attacking a judgment. First, a litigant may launch a direct attack before the court which rendered the judgment. See Fed.R.Civ.P. 50(b), 52(b), 59(e), and 60(b). Second, an independent action may be brought to enjoin the enforcement of a judgment on equitable grounds in any court with subject matter jurisdiction.[16] Third, a collateral attack may be made in a proceeding where the judgment being attacked forms the basis of claim or of a defense. A collateral attack, unlike a direct or independent attack, is incidental to the proceeding in which it is made. See generally 1B J.W. Moore, J.D. Lucas, and T.S. Currier, Moore's Federal Practice Sec. 0.407 (2d ed.1988).
 
 
 42
 The present attack is collateral to a proceeding to enforce a judgment. A two step analysis is employed when such an attack is made on a state court judgment in federal court. See Salazar v. U.S. Air Force, 849 F.2d 1542, 1546 n. 8 (5th Cir.1988); A.L.T. Corp. v. S.B.A., 801 F.2d 1451, 1455 (5th Cir.1986); Rives v. Franklin Life Ins. Co., 792 F.2d 1324, 1328-29 (5th Cir.1986); and Fehlhaber v. Fehlhaber, 681 F.2d 1015, 1020-21 (5th Cir.1982), cert. denied, 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983). First, it must be determined whether the judgment is entitled to full faith and credit. If there are federal grounds for vacating a state court judgment, it is not entitled to full faith and credit. Second, 28 U.S.C. Sec. 1738 does not require a federal court to give a state judgment more credit than it would be given in the state which rendered the judgment. Thus, if the Walker judgment were subject to collateral attack in Texas on the basis that the Brownings' hands are unclean, it is subject to collateral attack in federal court.
 
 
 43
 A judgment which is void because of lack of jurisdiction or because the judgment is vitiated by fraud is not entitled to full faith and credit in a court sitting in bankruptcy. See Kelleran v. Andrijevic, 825 F.2d 692, 694 (2nd Cir.1987), cert. denied, 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988).[17] Other than lack of jurisdiction or fraud, there are no other federal grounds which nullify a state court judgment. The doctrine of unclean hands is not the functional equivalent of fraud. In order for fraud to upset a judgment, it must occur prior to the judgment. The allegedly inequitable conduct of the Brownings, on the other hand, occurred after the Walker judgment was rendered. A judgment is not tainted by conduct which occurs after it is rendered.
 
 
 44
 Under Texas law, the doctrine of unclean hands may not be used to collaterally attack a judgment. In Browning v. Placke, 698 S.W.2d 362 (Tex.1985) (per curiam), the Texas Supreme Court held:
 
 
 45
 Unless a judgment of a court of general jurisdiction is void, it is not subject to collateral attack.... And a judgment is void only when it is shown that the court had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court.
 
 
 46
 See also Austin Ind. School Dist. v. Sierra Club, 495 S.W.2d 878, 881 (Tex.1973). Texas does not recognize a collateral attack based on the doctrine of unclean hands. Nor can Holloway profess ignorance as his excuse for making this argument. Holloway was a party to the litigation in Browning v. Placke and he should have known that he was making an unwarranted argument before this Court.
 
 VI. The Last in Time Rule
 
 47
 Holloway's last argument is based on the RESTATEMENT (SECOND) OF JUDGMENTS Sec. 15: "when in two actions inconsistent final judgments are rendered, it is the later, not the earlier judgment that is accorded conclusive effect in a third action under the rules of res judicata." The full faith and credit statute, 28 U.S.C. Sec. 1738, requires federal courts to follow state rules of res judicata when a claim premised on a state court judgment is asserted. See Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) and Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 523, 106 S.Ct. 768, 771, 88 L.Ed.2d 877 (1986). The RESTATEMENT position, which is also called the last in time rule, is the law in Texas and, therefore, controls this appeal. See Layton v. Layton, 538 S.W.2d 642 (Tex.Civ.App.1976) (per curiam); and Reimer v. Smith, 663 F.2d 1316, 1327 n. 13 (5th Cir.1981) (applying Texas law).
 
 
 48
 Holloway's argument, however, is fatally flawed because the Walker judgment and the 1987 judgment are consistent. Once a plaintiff wins a judgment, he may not sue on those claims again because they are merged into the judgment. See Jeanes v. Henderson, 688 S.W.2d 100, 103 (Tex.1985) and RESTATEMENT (SECOND) OF JUDGMENTS Sec. 18. He may of course sue on the judgment but the original claims are extinguished. Both Holloway and the Brownings agree that the claims asserted in the cross claim which resulted in the 1987 judgment are the same as those which underpinned the Walker judgment. Since those claims were extinguished, the state court was correct in dismissing those claims with prejudice. See Crabtree v. Southmark Commercial Management, 704 S.W.2d 478, 481 (Tex.Ct.App.1986) and Gilbert v. Fireside Enterprises, Inc., 611 S.W.2d 869, 871 (Tex.Civ.App.1980). The 1987 judgment, therefore, does not disturb the Walker judgment.
 
 VII. Conclusion
 
 49
 Justice Story once wrote "It is for the public interest and policy to make an end to litigation ... [so that] suits may not be immortal, while men are mortal." Ocean Insurance Co. v. Fields, 18 F.Cas. 532 (C.D.D.Mass.1841) (No. 10,406). Little more need be said.
 
 
 50
 The district court's judgment in 88-1894 is REVERSED and the Browning's motion for summary judgment is GRANTED. In 88-1761, the district court's judgments denying Holloway's several motions for summary judgment are AFFIRMED.
 
 
 
 [1]
 Bits and pieces of this case can be found scattered in Holloway v. Walker, 765 F.2d 517 (5th Cir.), cert. denied, 474 U.S. 1037, 106 S.Ct. 605, 88 L.Ed.2d 583 (1985); Holloway v. Walker, 784 F.2d 1287 (5th Cir.), cert. denied, 479 U.S. 984, 107 S.Ct. 571, 93 L.Ed.2d 576 (1986); Holloway v. Walker, 784 F.2d 1294 (5th Cir.1986); Browning v. Navarro, 37 B.R. 201 (N.D.Tex.1983), reversed, 743 F.2d 1069 (5th Cir.1984), (Browning I ); Browning v. Navarro, 826 F.2d 335 (5th Cir.1987) (Browning II ); Humble Exploration Co. v. Browning, 677 S.W.2d 111 (Tex. Ct.App.1984), reinstated, 690 S.W.2d 321 (Tex. Ct.App.1985) (en banc), cert. denied, 475 U.S. 1065, 106 S.Ct. 1376, 89 L.Ed.2d 602 (1986); Browning v. Holloway, 620 S.W.2d 611 (Tex.Civ.App.1981), writ ref'd n.r.e., 626 S.W.2d 485 (Tex.1981); Humble Exploration Co. v. Fairway Land Co., 641 S.W.2d 934 (Tex. Ct.App.1982); Browning v. Placke, 698 S.W.2d 362 (Tex.1985) (per curiam); Humble Exploration Co. v. Walker, 641 S.W.2d 941 (Tex. Ct.App.1982); and Browning v. Ryan, 756 S.W.2d 379 (Tex. Ct.App.1988), vacated sub nom. Holloway v. Fifth Circuit Court of Appeals, 767 S.W.2d 680 (Tex.1989); and Starnes v. Holloway, No. 05-88-00706-CV (Tex. Ct.App.1989)
 
 
 [2]
 The facts of this case have been streamlined. For a more detailed discussion of the facts, see Holloway, 784 F.2d at 1288-1291; Browning I, 743 F.2d at 1071-1073; and Browning II, 826 F.2d at 337-40
 
 
 [3]
 This judgment will subsequently be referred to as the Walker judgment
 
 
 [4]
 This judgment will subsequently be referred to as the 1987 judgment
 
 
 [5]
 This judgment will subsequently be referred to as the Sec. 1983 judgment
 
 
 [6]
 Humble Exploration Co. v. Browning, 677 S.W.2d 111, 114-15, (Tex. Ct.App.1984), reinstated, 690 S.W.2d 321 (Tex. Ct.App.1985) (en banc), cert. denied, 475 U.S. 1065, 106 S.Ct. 1376, 89 L.Ed.2d 602
 
 
 [7]
 See Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) (holding that failure to name a party in the notice of appeal constitutes a non-waivable jurisdictional defect) and Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 60-61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (per curiam) (a jurisdictional defect in the notice of appeal may not be waived)
 
 
 [8]
 Holloway, however, makes the frivolous argument that the judgment in Holloway v. Walker was not on the merits. The Holloway court held that a "random and unauthorized act by a state employee" is nonactionable under 42 U.S.C. Sec. 1983 because there was an "adequate postdeprivation remedy." 784 F.2d at 1291. The court granted summary judgment but it could be argued that its actions constituted a dismissal for failure to state a cause of action. Dismissal under Fed.R.Civ.P. 12(b)(6), however, is on the merits. See Daigle v. Opelousas Health Care, Inc., 774 F.2d 1344, 1347 (5th Cir.1985) (Rubin, J.) ("This court ... has held that when a defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as direct attack on the merits of the plaintiff's case." See also Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)
 
 
 [9]
 The present case is an example of such an adversary proceeding. In Browning II we said that the present suit was one to enforce a judgment. 826 F.2d at 336. Such a suit is an example of an adversary proceeding brought within the framework of the broader bankruptcy case initiated by Holloway. See 9 Collier on Bankruptcy Sec. 7003.03 (L. King 15th ed.1989). (The adversary proceeding which is commenced by filing a complaint pursuant to Rule 7003 must be differentiated from the Code case itself. The Code case is commenced by filing a petition.... The word "case" means the entire matter that is before the court. Within the context of the case there may be proceedings to resolve disputes; one such proceeding is defined as 'adversary proceeding.' ")
 
 
 [10]
 Holloway filed for bankruptcy on Nov. 19, 1979. The substantive provisions of the 1978 Act became effective on October 1, 1979. See Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, Sec. 402(a), 92 Stat. 2549
 
 
 [11]
 See Emergency Rule (h) ("This rule shall become effective December 25, 1982 and shall apply to all bankruptcy cases and proceedings not governed by the Bankruptcy Act of 1898 as amended, and filed on or after October 1, 1979. Any bankruptcy matters pending before a bankruptcy judge on December 25, 1982 shall be deemed referred to that judge"), reprinted in 1 Collier on Bankruptcy Sec. 3.01[b][vi]. Holloway initiated bankruptcy proceedings on November 19, 1979 and he brought suit in Holloway v. Walker on November 18, 1982
 The Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, 98 Stat. 333 (BAFJA) became effective on July 10, 1984. See BAFJA, Sec. 122 and 1 Collier on Bankruptcy Sec. 3.01 (L. King 15th ed.1989). It applied to cases then pending. See BAFJA, Sec. 115. Thus, if Holloway had asserted his fraud claim in Holloway v. Walker, it would have eventually been governed by the 1984 amendments to the 1978 Bankruptcy Act. The district court has the power to entertain Holloway's fraud claim under BAFJA. See notes 12 and 13 infra. Holloway's fraud claim is precluded, therefore, under either BAFJA or the Emergency Rule.
 
 
 [12]
 Under the present bankruptcy rules, both bankruptcy and district courts may issue injunctions under 11 U.S.C. Sec. 105. See 1 Collier on Bankruptcy Sec. 3.01 and 2 Collier on Bankruptcy Sec. 102.02 (L. King 15th ed.1989)
 
 
 [13]
 The same result would be obtained under the 1984 amendments to the 1978 Bankruptcy Act. 28 U.S.C. Sec. 157(a), which is drawn from the Emergency Rule, authorizes district courts to refer cases to bankruptcy courts. See 1 Collier on Bankruptcy, Sec. 3.01 (L. King 15th ed.1989). The district court has the discretion, however, to withdraw this reference. See 28 U.S.C. Sec. 157(d); Holland America Ins. Co. v. Succession of Roy, 777 F.2d 992, 998 (5th Cir.1985) and Carlton v. BAWW, Inc., 751 F.2d 781, 787-88 (5th Cir.1985). 28 U.S.C. Sec. 157 places bankruptcy jurisdiction firmly in the hands of the district court. Under the 1984 Amendments, therefore, the court which heard Holloway's Sec. 1983 claim had subject matter jurisdiction over his fraud claim
 
 
 [14]
 An adversary proceeding within the context of a bankruptcy case may preclude another adversary proceeding within that same case. In Heiser there were two adjudications of the issue of fraud. The first involved a default judgment against Woodruff. Woodruff moved to set it aside on the ground it was fraudulent. 327 U.S. at 729, 66 S.Ct. at 854. The court denied the motion. The second involved the trustee. He also moved to set aside the judgment on the ground it was fraudulent. A suit ensued and the court denied the trustee's motion. Id. at 730-31, 66 S.Ct. at 855. The trustee then sought to have the motion heard for a third time. The Supreme Court held that the motion was barred by res judicata. The Court relied on both of the previous adjudications in making this determination. Id. at 740, 66 S.Ct. at 860. The Heiser court, therefore, reasoned it was proper for an adversary proceeding initiated within the context of a bankruptcy case to preclude a subsequent adversary proceeding within that case
 
 
 [15]
 In Brown v. Felsen, 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979), the Court concluded that Heiser was based on collateral estoppel, not claim preclusion
 
 
 [16]
 In federal court the grounds for such an action are limited by Fed.R.Civ.P. 60(b). The anti-injunction act, moreover, generally precludes an independent attack on a state court judgment
 
 
 [17]
 Fraud does not normally constitute federal grounds to set aside a judgment. See Midessa Television Co. v. Motion Pictures for Television, 290 F.2d 203, 205 (5th Cir.), cert. denied, 368 U.S. 827, 82 S.Ct. 47, 7 L.Ed.2d 30 (1961)