In re Dawn HUSAIN, d/b/a the Furniture Connection, Debtor.

Bankruptcy No. 92–20396–C–13.

United States Bankruptcy Court,
S.D. Texas,
Corpus Christi Division.

June 9, 1994.

John S. Warren, Corpus Christi, TX, for Bench Craft Furniture, creditor.

Colin K. Kaufman, Corpus Christi, TX, for debtor.

### MEMORANDUM OPINION AND ORDER ON OBJECTION TO CLAIM OF BENCH CRAFT FURNITURE

RICHARD S. SCHMIDT, Bankruptcy Judge.

On this day came on for consideration the Debtor's First Amended Objection to the Claim of Bench Craft Furniture, filed by the Debtor, Dawn Husain (the "Debtor"). The Court, having heard the evidence and arguments of counsel, and having reviewed the pleadings and briefs on file herein, finds that the objection should be overruled.

### FACTS

Bench Craft Furniture ("Bench Craft") is a trade creditor of the Debtor. Bench Craft sued the Debtor pre-petition in state court, on a sworn account. Debtor was represented by counsel, who answered on her behalf with a general denial. Bench Craft subsequently obtained summary judgment against the Debtor on September 23, 1991, in the amount of $10,708.48, plus attorneys fees in the amount of $3,570.00, post-judgment interest at the rate of 10% per annum, and court costs in an unspecified amount. Bench Craft did not file an abstract of judgment. Debtor filed for relief under Chapter 11 of Title 11 on February 21, 1992. Bench Craft filed a Proof of Claim in the amount of $14,998.02, to which Debtor objected.

### DISCUSSION

The issue before the Court is whether the Bankruptcy Court should alter or amend a claim based on a final, non-appealable state court judgment. Debtor argues that the judgment may be attacked as a fraudulent judgment because Bench Craft failed properly to credit Debtor's account for certain items. Debtor asserts that the evidence presented to the state court judge was false and, therefore, the judgment was obtained through fraud on the court. Debtor further argues that because the bankruptcy was filed

less than six months after the judgment was entered, the state law doctrine of an equitable bill of review is available to her.

 Under Texas law, "[a] bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment, which is no longer appealable or subject to motion for new trial." *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). A litigant seeking to invoke a bill of review "must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own." *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950). (see also *Beck v. Beck*, 771 S.W.2d 141 (Tex.1989), "It has long been the rule that a party seeking to invoke a bill of review to set aside a final judgment must prove three elements: (1) a meritorious defense to the cause of action alleged to support the judgment; (2) an excuse justifying the failure to make that defense which is based on the fraud, accident or wrongful act of the opposing party; and (3) an excuse unmixed with the fault or negligence of the petitioner." [footnote omitted]). To be a successful bill of review litigant, the Debtor would have to prove that there was no fault or negligence on her part in failing to assert her alleged meritorious defenses. *Jarrett v. Northcutt*, 592 S.W.2d 930 (Tex.1979).

 Here, Debtor's claim of fraud is based on Bench Craft's alleged failure to advise the trial court of certain credits and its alleged miscalculation of the amount due. While these allegations are certainly meritorious defenses to a suit on a sworn account, the Debtor failed to raise them through her own fault or negligence, not because of any fraud or wrongful act of Bench Craft. The Texas Supreme Court has held that even perjury is not grounds for setting aside a judgment in a bill of review action. *Kelly v. Wright*, 144 Tex. 114, 188 S.W.2d 983, 985 (1945). The type of fraud necessary to set aside a judgment in a bill of review action is extrinsic fraud. *Tice v. City of Pasadena*, 767 S.W.2d 700 (Tex.1989). "Extrinsic

fraud" is defined as "fraud which denied a party the opportunity to fully litigate upon the trial all the rights or defenses he was entitled to assert." *id.* at 702. "Intrinsic fraud", on the other hand, "relates to the merits of the issues which were presented and presumably were or should have been settled in the former action." *id.* For example, negligent failure to file an answer prevents a party from bill of review relief. *Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372 (Tex.1988).

Debtor herein could have responded to Bench Craft's motion for summary judgment with controverting affidavits and avoided the summary judgment or assured that the judgment contained the amounts which Debtor alleges were correct. Tex.R.Civ.P. 166a(c). No evidence was presented to prove that Debtor's failure to respond was caused by any extrinsic fraud by Bench Craft. Debtor, for whatever reason, or perhaps due to negligence, failed to respond and summary judgment was rendered against her. Accordingly, under State law, the Debtor is not entitled to relief from the judgment.

Debtor did not request relief from the judgment under Rule 9024, Federal Rules of Bankruptcy Procedure, which makes Rule 60, F.R.Civ.P. applicable. The Court, *sua sponte*, has reviewed Rule 60(b) and finds that the facts of this case also do not justify relief under federal law.

 This Court does, however, have the authority to review a final state court judgment under the proper set of facts. *Browning v. Navarro*, 887 F.2d 553 (5th Cir.1989). In *Browning v. Navarro* the Fifth Circuit Court of Appeals held as follows:

Bankruptcy courts are not prohibited by the anti-injunction act from entertaining a motion to vacate a fraudulent state court judgment. 11 U.S.C. § 105 is "an authorization, as required under 28 U.S.C. § 2283, to stay the action of a state court."

Section 105, moreover, authorizes a bankruptcy court to void a state court judgment on the ground that it is fraudulent. It empowers a bankruptcy court to "fashion such orders as are necessary to further the purposes of the substantive

provisions of the Bankruptcy Code." Section 105, however, does not *"authorize bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law or constitute a roving commission to do equity."*

887 F.2d at 559 (citations omitted) (emphasis added).

The Court finds that in this case the Debtor has failed to prove that she is entitled to relief from the judgment rendered against her under either state law or federal law.

Finally, the Debtor argues that the attorneys fees awarded by the state court judge should be reduced or disallowed entirely, citing *In re Fulton*, 148 B.R. 838 (Bankr. S.D.Tex.1992). While *Fulton* supports the proposition that a bankruptcy court may alter or amend a final state court judgment, it is not on point because it involves the § 502(b)(6) cap on lease damages. The case before the Court does not involve a lease. Moreover, here the attorneys fees were incurred and awarded pre-petition and this court is not prepared to, and can find no authority for, extending *Fulton* to the facts of this case. The four conditions for a judgment to bar a subsequent action have been met in this case: (1) the parties are identical; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same causes of action are involved. *Browning v. Navarro, supra,* at 558. The Debtor could have appealed the judgment, or filed her bankruptcy petition before the judgment was entered or, as discussed above, she could have filed a controverting affidavit to challenge the amount of attorney's fees requested by Bench Craft. She did none of the above and the state court judgment is now res judicata. The Fifth Circuit Court of Appeals in *Browning v. Navarro, supra* at 558, cited the United States Supreme Court's holding that res judicata:

> constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195, 197 (1877).

## CONCLUSION

The facts in this case do not merit review of or relief from the state court judgment. The principle of comity suggests that a judgment obtained under ordinary circumstances, without any extrinsic fraud, nearly six months before the bankruptcy was filed, should not be vacated or amended by the bankruptcy court.

It is therefore ORDERED that the Debtor's First Amended Objection to the Claim of Bench Craft Furniture is hereby OVERRULED and Bench Craft's claim is allowed as an unsecured claim in the amount of $14,998.02.