IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20626

_____

In The Matter Of: GEORGE R. HINSLEY

Debtor.

_____

PATRICIA JO HINSLEY,

Appellant,

versus

MIKE BOUDLOCHE,

Appellee.

_____

Appeal from the United States District Court
Southern District of Texas

_____

February 3, 2000

Before FARRIS[1], WIENER, and STEWART, Circuit Judges.

JEROME FARRIS, Circuit Judge:

_____

[1] Circuit Judge of the Ninth Circuit , sitting by designation.

Patricia J. Hinsley appeals the district court's grant of summary judgment and turnover order in favor of the trustee assigned to her husband's bankruptcy estate. We affirm.

**BACKGROUND**

In January and February 1989, George and Patricia Hinsley executed partition agreements which purported to divide their community estate into separate property pursuant to Texas Family Code § 4.102. Although the Hinsleys remain married, they allege that partition was (1) done at a time when divorce was contemplated due to George's extramarital affairs, and (2) part of an effort at reconcilliation. Patricia Hinsley specifically alleges that she sought partition: (1) to avoid any future disputes over property should the marriage end in divorce; (2) to obtain income-generating assets that would not require much management, since she lacked financial sophistication; and (3) to retain stock in her son's business, Road Rescue, so that her husband's lover would not benefit from the son's success.

The partition agreements are at issue because Mr. Hinsley filed for bankruptcy on August 10, 1995 and the bankruptcy trustee sought to reach assets assigned to Mrs. Hinsley in the partition.[2] The trustee brought an adversary

---

[2] The F.D.I.C. obtained a judgment against Mr. Hinsley in 1992. Carter Investments obtained a judgment against Mr. Hinsley in 1989. The obligations underlying these judgments

proceeding seeking a declaration that the partition is void. The district court, sitting as trial court, sua sponte granted summary judgment.

In a prior appeal, we affirmed the district court's determination that the partition was void as to Mr. Hinsley, but found that due process required separate consideration of Mrs. Hinsley's interest. She had not been a party to the underlying proceeding. *See Hinsley v. Boudloche (In re Hinsley),* No. 97-20967, slip op. at 39 (5th Cir. July 15, 1998) (unpublished). On remand, the district court granted partial summary judgment to the trustee and held the partition void as to Mrs. Hinsley. On May 13, 1999, the district court entered an interlocutory judgment restoring the Hinsleys' pre-partition community property interests, and passing Mr. Hinsley's pre-partition interest to the trustee.[3] On July 31, 1999, the district court issued a supplemental opinion which denied both parties' motions to alter and amend the judgment, reiterated the basis for its decision, and clarified that Mrs. Hinsley's pre-partition community interest is "subject to the community debts and the bankruptcy estate's control."

---

were entered into prior to partition. Neither judgment had been satisfied at the time Mr. Hinsley filed for bankruptcy in 1995. A prior opinion of this court sets forth the underlying facts and procedural history in greater detail. *See Hinsley v. Boudloche (In re Hinsley),* No. 97-20967, slip op. at 2-10 (5th Cir. July 15, 1998) (unpublished).

[3] The judgment was interlocutory because there is a remaining claim involving Mrs. Hinsley's claim of homestead exemption.

On July 1, 1999, the district court entered an order granting the trustee's June 29, 1999 motion to un-freeze Mrs. Hinsley's Merrill Lynch accounts, which contained proceeds of partitioned property, and transfer the balance to the trustee. Mrs. Hinsley filed a notice of appeal from this order on July 2, 1999. We granted Mrs. Hinsley's motion for a stay pending appeal on July 6, 1999.

**DISCUSSION**

## A. Scope of Jurisdiction

The parties do not dispute that we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(a)(1).[4] *See Browning v. Navarro,* 887 F.2d 553, 557 (5th Cir. 1989). However, we must sua sponte consider the scope of our jurisdiction. *See Okpalobi v. Foster,* 190 F.3d 337, 343 (5th Cir. 1999).

Rule 3(c) of the Federal Rules of Appellate Procedure requires that the notice of appeal specify the order from which appeal is taken. Nevertheless, "a policy of liberal construction of notices of appeal prevails . . . [when] the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party." *Warfield v. Fidelity & Deposit Co.,* 904 F.2d 322, 325 (5th Cir. 1990) (quoting *C.A. May Marine Supply Co. v. Brunswick Corp.,* 649 F.2d 1049,

---

[4] As the district court acted as a trial court in bankruptcy, 28 U.S.C. § 158 does not apply. *See Browning v. Navarro,* 887 F.2d 553, 557 (5th Cir. 1989).

1056 (5th Cir. 1981) (per curiam)). Mrs. Hinsley specified only the July 1, 1999 order in her notice of appeal but seeks to address the merits of the May 13, 1999 summary judgment opinion and interlocutory judgment as well as the July 31, 1999 supplemental opinion and August 2, 1999 order.

Because the July 1, 1999 order merely allows execution on the May 13 interlocutory judgment,[5] and both parties have briefed the substantive issues regarding summary judgment, we conclude that our jurisdiction extends to the May 13, 1999 opinion on summary judgment and interlocutory judgment. *Cf. United States v. Lopez-Escobar,* 920 F.2d 1241, 1244 (5th Cir. 1991). However, we lack jurisdiction over the district court's July 31, 1999 supplemental opinion and August 2, 1999 order. *See Warfield,* 904 F.2d at 326 (appellant could not have intended to appeal order not issued at time notice of appeal filed).

## B. Summary Judgment - Was the Partition Void as to Mrs. Hinsley?

### 1. Standard of Review

We review a grant of summary judgment de novo, "applying the same criteria as the district court." *King v. Ames,* 179 F.3d 370, 373 (5th Cir. 1999) (citing

---

[5] The trustee's moving papers do not refer to any specific order of the district court but only to that court's prior declaration that "the attempted partition of assets [was] in fraud of creditors and therefore . . . null and void." The district court's July 1, 1999 order states only that the order is issued "[o]n the trustee's motion." We find no order or judgment in the record other than the May 13, 1999 interlocutory judgment that would support the July 1, 1999 order.

*Merritt-Campbell, Inc. v. RxP Prods., Inc.,* 164 F.3d 957, 961 (5th Cir. 1999)).

## 2. Merits

The trustee moved for summary judgment[6] against Mrs. Hinsley under 11 U.S.C. § 544(b) and, in reliance on Tex. Fam. Code § 4.106(a),[7] sought to void the partitions as fraudulent. The trustee submitted approximately 700 pages of financial documentation in support of his motion, arguing that the documentary evidence established numerous "badges of fraud" sufficient to prove Mr. Hinsley's fraudulent intent. The trustee did not submit any evidence regarding Mrs. Hinsley's intent, but argued only that the marital reasons put forth by Mrs. Hinsley as her intent in entering into partition do not constitute reasonably equivalent value and thus evince another badge of fraud.

In opposition to summary judgment, Mrs. Hinsley submitted only her own affidavit and that of Mr. Hinsley. Both affidavits flatly denied that the purpose of partition was to defraud creditors and recounted the marital troubles that partition was allegedly intended to address. On appeal, Mrs. Hinsley contends that the

---

[6]    In the prior appeal, we indicated that Mrs. Hinsley's due process interest would be satisfied if the trustee moved for summary judgment upon proper evidence. *See In re Hinsley,* slip op. at 33.

[7]    Tex. Fam. Code § 4.106(a) (formerly § 5.56) provides: "A provision of a partition or exchange agreement made under this subchapter [of marital property agreement] is void with respect to the rights of a preexisting creditor whose rights are intended to be defrauded by it."

district court erred by (1) concluding that the affidavits did not create genuine issues of material fact sufficient to defeat summary judgment and (2) considering any of the trustee's evidence that conflicted with the Hinsleys' affidavits.

The district court held the partition void as to Mrs. Hinsley since it had previously been held void as to Mr. Hinsley, and held that her intent was therefore immaterial. It is significant, but perhaps overlooked by Mrs. Hinsley, that our prior decision finding the partition void was a final resolution. The remand was to permit her to rebut the facts on which the court concluded that the partition was void -- if she could. Due process required no more. If it was void, it was of necessity void as to both parties. The remand was solely to provide her an opportunity to rebut the factual basis for the conclusion. However, the district court also found that the evidence established Mrs. Hinsley's fraudulent intent in entering into partition.

### a. Fraudulent Intent[8]

---

[8] Texas courts have not addressed whether actions brought under Tex. Fam. Code § 4.106 must meet the requirements of the Texas Uniform Fraudulent Transfer Act, Tex. Bus. & Com. Code § 24.005. *See* Thomas M. Featherston, Jr. and Lynda S. Still, *Marital Liability in Texas . . . Till Death, Divorce, or Bankruptcy Do They Part,* 44 Baylor L. Rev. 1, 26 (1992) ("Left unanswered is whether [former] section 5.56 [current § 4.106] integrates the actual fraud rules of the Texas UFTA[.]").

In our prior opinion, we held that the burden of proof in § 4.106 cases should be the same as that of § 24.005 cases. *See In re Hinsley,* slip op. at 38. Using the standards of § 24.005 for establishing fraudulent intent is consistent with our prior opinion.

Section 24.005(b)[9] of Tex. Bus. & Com. Code, the Texas Uniform Fraudulent Transfer Act ("UFTA"), lists eleven, non-exclusive, badges of fraud that may be used to prove the fraudulent intent of the transferor. The trustee contends that eight of the badges of fraud were present. The Hinsleys' affidavits do not address or dispute any of the evidence submitted by the trustee with the exception of their general statements as to the reasons for partition and Mrs. Hinsley's claims about the value of the property divided to each spouse.

In arguing that the affidavits are decisive on the issue of intent, Mrs. Hinsley has misconstrued the summary judgment standard. For purposes of summary judgment, "[a]n issue is 'material' if it involves a fact that might affect the outcome of the suit under the governing law." *Merritt-Campbell,* 164 F.3d at 961 (citation omitted). Mrs. Hinsley contends that the affidavits raise issues of materiality and credibility because they go to the issue of fraudulent intent. "Intent to defraud . . . can be decided as a matter of law." *BMG Music v. Martinez,* 74 F.3d 87, 90 (5th Cir. 1996). A party's self-serving and unsupported claim that she lacked the requisite intent is not sufficient to defeat summary judgment where the evidence otherwise supports a finding of fraud. *See id.*

_____

[9] In the prior opinion, we held the 1993 amendments to Tex. Bus. & Com. Code § 24.005 are inapplicable to the partition agreements. *See In re Hinsley,* slip op. at 33, n.12.

-8-

## 1. Reasonably Equivalent Value

In her affidavit, Mrs. Hinsley avers that she believed the community estate at the time of partition to be approximately $8 million, based on the sale of a business in 1985.  She further claims that the partition was equitable because she received $3.75 million in the partition while her husband received approximately $4 million.

One of UFTA's badges of fraud is whether the transferor received consideration reasonably equivalent in value to the asset transferred.  *See* Tex. Bus. & Com. § 24.005(b)(8).  Intangible, non-economic benefits, such as preservation of marriage, do not constitute reasonably equivalent value.  *See Dietz v. St. Edward's Catholic Church (In re Bargfrede),* 117 F.3d 1078, 1080 (8th Cir. 1997) (per curiam) (interpreting same phrase in bankruptcy code, 11 U.S.C. § 548(a)); *see also Leibowitz v. Parkway Bank & Trust Co., (In re Image Worldwide, Ltd.),* 139 F.3d 574, 577 (7th Cir. 1998) (UFTA took phrase "reasonably equivalent value" from 11 U.S.C. § 548(a)(2)); *Viscount Air Svcs, Inc. v. Cole (In re Viscount Air Servs., Inc.),* 232 B.R. 416, 434 (Bank. D. Ariz. 1998) (states that have adopted the UFTA interpret it similarly to 11 U.S.C. § 548).

Mrs. Hinsley's "belief" about the value of her assets at the time of partition is insufficient to create a issue of material fact on this issue in light of the credible and undisputed evidence as to the actual value of the assets.  In addition, at least with

respect to one asset, the Road Rescue stock, Mrs. Hinsley's valuation of $200-250,000 is flatly contradicted by her March 1989 financial balance sheet which valued this stock at $1.125 million. The March 1989 balance sheet also states her total assets at just over $3.5 million, not $3.75 million.

The value of consideration given for a transfer alleged to be in fraud of creditors is determined from the standpoint of creditors. *See In re Viscount Air Svcs.,* 232 B.R. at 434 (interpreting Arizona's UFTA); *Mancuso v. Champion (In re Dondi Fin. Corp.),* 119 B.R. 106, 109 (Bank. N.D. Tex. 1990) (interpreting similar provision of Texas Uniform Fraudulent Conveyance Act, the precursor of UFTA). "The proper focus is on the net effect of the transfers on the debtor's estate, the funds available to the unsecured creditors." *In re Viscount Air Servs.,* 232 B.R. at 435. Value is determined as of the date of transfer. *See id.* at 437. In the instant case, the net effect of the partition and assignments was to remove the valuable assets from Mr. Hinsley's ownership, making them unavailable to the judgment creditors. The significant debt on the property held by Mr. Hinsley on the date of transfer was properly considered in determining equivalent value. Mrs. Hinsley's affidavit was not sufficient to raise a genuine issue of material fact.

### 2. Intent of Transferee

Texas Family Code § 4.106 is silent as to whether both spouses must intend

to defraud creditors to void a transfer or partition. However, under the UFTA, Tex. Bus. & Com. § 24.009(a), a transfer is not voidable by a creditor "against a person who took in good faith and for a reasonably equivalent value." Mrs. Hinsley is not a mere transferee since the property could not have been divided without her active participation. The record reflects that she desired the partition and had specific criteria for the property she wished to receive.[10] Moreover, she did not exchange equivalent value for the property she received in partition. *See Roland v. United States,* 838 F.2d 1400, 1403 (5th Cir. 1988) (lack of knowledge not relevant where transferee not purchaser for value). Our de novo review of the record satisfies us that the grant of summary judgment was proper.

The evidence, taken as a whole, supported summary judgment.

## C. Statute of Limitations

### 1. Standard of Review

We review a district court's ruling on statute of limitations de novo. *See Kennedy v. Electricians Pension Plan, IBEW No. 995,* 954 F.2d 1116, 1120 (5th Cir. 1992).

---

[10] Mrs. Hinsley claims that the property division was predicated on her desire for property that did not require management. The facts belie this contention as one of the assets she received was a cattle ranch, the 6H Ranch, with $350,000 worth of livestock. Mrs. Hinsley's deposition testimony also made clear that she lacks knowledge about her finances and has had long-term employees responsible for management of even the partitioned assets.

## 2. Merits

The district court held that the statute of limitations never began to run because the partition was void at the outset. Mrs. Hinsley contends that the use of the word "void" in Tex. Fam. Code § 4.106(a) has the same effect as the word "voidable" in Tex. Bus. & Com. § 24.005 and that the trustee's complaint was barred by the four year statute of limitations in Tex. Bus. & Com. § 24.010. We need not decide this issue because even if a four year statute of limitations applied,[11] we hold that Mrs. Hinsley failed to meet her burden of proof.

Under Texas law, a party defending on ground of statute of limitations bears the burden of proof on this issue. *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex. 1999). "A party asserting limitations must not only establish the applicability of the limitations statute, but must, as well, prove when the opponent's cause of action accrued[.]" *Intermedics, Inc. v. Grady,* 683 S.W.2d 842, 845 (Tex. App.-Houston 1984, writ refused n.r.e.). Mrs. Hinsley did not move for summary judgment on limitations grounds, nor did she submit any evidence on this issue in opposition to the trustee's motion. Instead, she argued that the four year statute of limitations of Tex. Bus. & Com. § 24.010 began to run at the

---

[11] Although Tex. Fam. Code § 4.106 does not have its own statute of limitations, Tex. Civ. Prac. & Rem. Code § 16.051 provides a four-year "catchall" limitations provision.

time of partition in 1989 and therefore any action after 1993 was barred, even though Mr. Hinsley did not file for bankruptcy until 1995. Mrs. Hinsley did not address the trustee's evidence showing that Mr. Hinsley only informed the FDIC of the partition in 1994, that the FDIC obtained a judgment against Mr. Hinsley in 1992 and that Carter Investments obtained a judgment in 1989. Nor did Mrs. Hinsley address the effect of Mr. Hinsley's multiple misrepresentations to the FDIC regarding ownership of property divided by the partition agreements. These failures are fatal to her statute of limitations defense.[12] Texas law tolls statutes of limitations where the cause of action has been fraudulently concealed.[13] *See Colonial Penn*

---

[12] Mrs. Hinsley relies on *Mooney v. Harlin,* 622 S.W.2d 83, 85 (Tex. 1981), for the proposition that the filing of a public record constitutes constructive knowledge sufficient to trigger the statute of limitations. However, in *Kansa Reinsurance Co. v. Congressional Mortgage Corp.,* 20 F.3d 1362, 1369-70 (5th Cir. 1994), we expressly rejected *Mooney* in a context more closely approximating the case at bar. *Kansa* held that *Mooney*'s constructive knowledge concept derived from Texas probate law and was not applicable to a mortgagee's knowledge of subsequently recorded second liens. *See id.* "[T]he recording of a document in public records serves as constructive notice for limitations purposes only for those persons who are under an obligation to search the records." *Id.* at 1370 (citations omitted). As the FDIC's extension of credit to Mr. Hinsley was based in part on his ownership of property subsequently divided by partition, it may not have had an on-going obligation to search real property records to ensure continuing ownership, especially in light of Mr. Hinsley's continuing misrepresentations regarding ownership. This is a fact question that Mrs. Hinsley could have raised before the district court. She did not. In our *de novo* review, we consider what was before the trial court, no more and no less. *See King v. Ames,* 179 F.3d at 374 n.4 ("Even though we construe the facts in the light most favorable to [the non-movant], we are not required to create evidence where none exists.").

[13] As an appellate court, we can not and do not make a finding that the Hinsleys fraudulently concealed a cause of action from any party. We mention the tolling provision only to stress that Mrs. Hinsley failed to refute evidence which tended to show that fraudulent concealment may apply and that she bore the burden of proof. *See Intermedics,* 683 S.W.2d at

*Ins. v. Market Planners Ins. Agency, Inc.,* 157 F.3d 1032, 1035 (5th Cir. 1998).

**D. Tracing of Proceeds**

Mrs. Hinsley contends that the Merrill Lynch accounts may not properly be turned over to the trustee because these accounts were not part of the partition agreements. Mrs. Hinsley does not dispute that these accounts were funded with proceeds of partitioned assets.

As Mrs. Hinsley failed to raise this objection before the district court, we do not reach this issue. *See Butler Aviation Int'l, Inc. v. Whyte (In re Fairchild Aircraft Corp.),* 6 F.3d 1119, 1128 (5th Cir. 1993). Mrs. Hinsley was on notice that the trustee sought turnover. It is requested in the prayer for relief in the motion for summary judgment. She has offered no explanation for this omission.

## CONCLUSION

The district court did not err by granting summary judgment. The Hinsleys' affidavits failed to create a genuine issue of material fact as to any of the "badges of fraud." We can not hold that the action is barred by the statute of limitations. Mrs. Hinsley failed to meet her burden of proof on this issue. We decline to consider Mrs. Hinsley's objection to turnover. She failed to raise her argument before the district court.

---

845.

**AFFIRMED.**