United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-60379

In re: DOUBLE J. OPERATING COMPANY, INC.

Debtor

DOUBLE J OPERATING COMPANY, INC.; JOHN B. ECHOLS

Plaintiffs-Appellants,

v.

MARY MAUDE BIRMINGHAM NICHOLS, Executrix of the Estate of Robert
B. Nichols, Jr.; MARY ASHLEY NICHOLS, Executrix of the Estate of
Robert B. Nichols, Jr.; FIDELITY AND DEPOSIT COMPANY OF MARYLAND

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi, Jackson Division

(99-CV-181-BR)

Before BENAVIDES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This is an appeal following our remand to district court for

consideration of whether the applicable limitations period had

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

expired, and, in the alternative, whether equitable tolling applied to the facts of this case.[1] On remand, the district court determined that the limitations period for Double J's 11 U.S.C. §322(d)claim had in fact expired and that equitable tolling did not operate to save the claim. After reviewing the record, we affirm on both counts.

Whether the limitations period has expired in this case is a legal issue.[2] Accordingly, our review of the district court's determination is *de novo*.[3] But, the district court's decision that equitable tolling is inapplicable to the facts of this case is subject to a highly deferential abuse of discretion review.[4]

The parties agree that claims brought under 11 U.S.C. § 322(d) are subject to a two-year limitations period that begins to run the day that a trustee is discharged by the bankruptcy court. The record shows that the trustee in this case was discharged on March 7, 1994. The record also shows no indication that a complaint stating a 11 U.S.C. § 322(d) claim against the trustee has ever been filed. Double J argues that because it filed a motion to

---

[1]See In re Double J. Operating Co., Inc., No. 00-60764 (5th Cir. 2001)(per curiam).

[2]See Clymore v. United States, 217 F.3d 370, 373 (5th Cir. 2000)(citing Hinsley v. Boudloche, 201 F.3d 638, 644 (5th Cir. 2000)).

[3]See id.

[4]Cousin v. Lensing, 310 F.3d 843, 847-48 (5th Cir. 2002), cert. denied, 123 S. Ct. 2277, 156 L. Ed. 2d 136 (2003).

2

reopen with the bankruptcy court within the two-year limitation period that had a § 322(d) complaint attached, the limitation period did not expire. Because we agree with the district court that the motion did not evidence an intention to file the attachment at the time the motion was filed, a motion to reopen is not an administrative prerequisite to filing a § 322(d) case, and no complaint was filed, we conclude that the limitations period has in fact expired in this case.

Additionally, after reviewing the record, we find no abuse of discretion in the district court's determination that the passage of time and absence of extraordinary circumstances beyond Double J's control preclude the application of equitable tolling in this case.

AFFIRMED.