# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-10719
Summary Calendar

REBECCA J. CHOATE

Plaintiff-Appellant

v.

JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL
SERVICE

Defendant-Appellee

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 3:06-CV-2146

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

In this suit for Title VII retaliation and age discrimination, Plaintiff-Appellant Rebecca J. Choate ("Choate") appeals the district court's: (1) grant of the Postmaster General's motion for judgment as a matter of law; (2) denial of her Rule 60 motion for a new trial; and (3) award of reasonable costs against her. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

In 2004, Rebecca J. Choate, a 25-year veteran of the United States Postal Service ("USPS") who at the time was more than 40 years of age, applied for two promotions at the Dallas Processing Distribution Center. She was selected to interview for both positions but complained that the process was "traumatic" and that she suffered a loss of self-esteem as a result of questioning she found offensive. She was not selected for either position, which instead went to two employees who were younger than 40 years of age.

After she was not selected, Choate accessed a confidential USPS personnel attendance system to obtain information about the successful applicants to support an Equal Employment Opportunity ("EEO") complaint she had filed. The USPS Inspector General and Choate's immediate supervisor investigated this breach; her supervisor eventually issued her a letter of warning rather than a 14-day suspension, which would have reduced her pay. Choate appealed this disciplinary action to her second-level supervisor, Carl January ("January"), who upheld the action but recommended that the letter be removed from her file after six months. She appealed again to a third-level supervisor, who rescinded the letter.

While Choate's appeals were proceeding, January reviewed her job performance rating. Though her immediate supervisor, Keith Greathouse ("Greathouse"), had rated her as "exceptional," January reduced Choate's performance rating from "exceptional" to "high contributor." At trial, he testified that it was in the normal course of business for him to review "exceptional" job performance ratings, and that the rubric used required him to take into account the performance of the USPS Dallas district, which was low. Nonetheless, Choate's "high contributor" rating was among the highest in the district. Choate also complained that in 2006, another supervisor evaluated her as a "contributor."

2

Choate alleges that these unfavorable personnel actions were in retaliation for her support of an EEO complaint filed against January by Greathouse, Choate's supervisor. Choate testified on Greathouse's behalf in August 2005. She filed the instant suit in November 2006, claiming that USPS engaged in age discrimination when it denied her promotion. She also claimed that January retaliated against her when he reduced her performance rating, and brought other retaliation claims not relevant to the instant appeal. After extensive discovery, a three-day jury trial was held in May 2008. The jury rejected all of Choate's retaliation claims except for the claim concerning January's reduction of Choate's performance rating, for which she was awarded $3,000. After trial, the district court issued a Memorandum Opinion and Order granting the Postmaster General's motion for judgment as a matter of law on Choate's age discrimination claim. This order, as well as the jury's findings on the retaliation claims, was entered by the district court in a Judgment on May 22, 2008 ("Judgment"). The Judgment also ordered Choate to pay reasonable costs, the Postmaster General having prevailed on the age discrimination claim and all but one of the retaliation claims.

The Postmaster General then filed a renewed motion for judgment as a matter of law, seeking to set aside the jury's finding as to Choate's successful retaliation claim. Choate filed a notice of appeal of the Judgment and later filed a Rule 60 motion for a new trial. In her Rule 60 motion, Choate argued that documents were identified at trial that USPS had previously claimed did not exist, and that this constituted newly discovered evidence and fraud and misrepresentation. The district court granted the Postmaster General's renewed motion, setting aside the jury verdict as to the successful retaliation claim. It then vacated the Judgment and replaced it with an Amended Judgment that granted the renewed motion while repeating all other jury findings from the Judgment as well as the district court's order dismissing the age discrimination

claim. The next day, the district court denied Choate's Rule 60 motion on the ground that Choate's notice of appeal divested it of jurisdiction. Choate did not file an amended notice of appeal after the district court granted the Postmaster General's renewed motion or a new notice of appeal from the Amended Judgment.

## II.  DISCUSSION

### A.    Scope of Jurisdiction

Choate's opening brief identifies three errors by the district court: (1) its grant of the renewed motion for judgment as a matter of law on her successful retaliation claim; (2) its denial of her Rule 60 motion; and (3) the judgment of costs imposed against her. Prior to discussing the standard of review, we must determine what claims are properly before us, if any. Generally a notice of appeal "shall designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). We will liberally construe such notices where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party. *See C. A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. July 1981) (citing *Simpson v. Norwesco, Inc.*, 583 F.2d 1007, 1009 n.2 (8th Cir. 1978)). "Where the appellant notices the appeal of a specified judgment only or a part thereof, however, this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." *Id.* (citations omitted). Implied intent to appeal may be shown when the appealed-from order is intertwined with another, prior order or judgment and the parties have briefed the substantive issues raised by the earlier, unmentioned order. *See In re Hinsley*, 201 F.3d 638, 641-42 (5th Cir. 2000).

In the instant matter, the Judgment contains two possible grounds for appeal: the granting of the motion for judgment as a matter of law as to Choate's age discrimination claim and the judgment of costs against her. Choate

addresses only the latter ground in her opening brief. Choate also purports to appeal from the district court's grant of the renewed motion. But this motion was granted after her notice of appeal and thus is not expressly referred to in Choate's notice of appeal, which is limited to the Judgment.

Despite the liberality with which such notices are to be construed, we decline to imply an intent to appeal the renewed motion into Choate's notice of appeal, since it was within her power to appeal expressly the district court's grant of the renewed motion. *See Hinsley*, 201 F.3d at 642 (citing *Warfield v. Fid. & Deposit Co.*, 904 F.2d 322, 326 (5th Cir. 1990) (appellant could not intend to appeal motion granted after notice of appeal filed)). Finally, Choate has never appealed from the district court's denial of her Rule 60 motion. These procedural defects strip this court of jurisdiction over Choate's first and second grounds for appeal and we will accordingly only consider the judgment of costs against her.

## B.    Judgment of Costs

Pursuant to Federal Rule of Civil Procedure 54(d)(1), costs, other than attorney's fees, "should be allowed to the prevailing party," unless an award of costs is otherwise prohibited. Title VII does not expressly forbid an award of costs, so "the standard procedure is to award costs to the prevailing party in Title VII suits." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 430 (5th Cir. 2000). Rule 54(d)(1) carries a strong presumption that the prevailing party will be awarded costs. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (citation omitted). We review a judgment of costs for the prevailing party for abuse of discretion. *Id.* (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). In the instant matter, the Postmaster General prevailed at trial on the age discrimination claim and four of five retaliation claims. The district court then set aside the jury verdict on the sole successful retaliation claim. Choate has offered no argument supporting her claim that the award of costs was an abuse of discretion except to complain of its "manifest unfairness and injustice." Under

5

these circumstances, the district court did not abuse its discretion in awarding reasonable costs to the Postmaster General.

## CONCLUSION

Considering the foregoing, the judgment of the district court is AFFIRMED.