# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-70021

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2018

Lyle W. Cayce
Clerk

DANNY PAUL BIBLE,

　　　　　Plaintiff - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; JUSTICE GREG
ABBOTT, Governor of Texas; BRYAN COLLIER, EXECUTIVE DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE; TODD HARRIS, Senior
Warden, Polunsky Unit, Livingston, Texas; JAMES JONES, Senior Warden,
Huntsville Unit, Huntsville, Texas; UNNAMED AND ANONYMOUS
EXECUTION TEAM MEMBERS,

　　　　　Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-1893

Before CLEMENT, OWEN, and COSTA, Circuit Judges.

PER CURIAM:*

　　　Danny Bible is scheduled to be executed on June 27, 2018. He appeals
the district court's dismissal of his claims under 42 U.S.C. § 1983 against Texas

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-70021

state officials that allegedly will violate his rights under the First, Eighth, and Fourteenth Amendments if they attempt to carry out his sentence. He also filed an emergency motion for a stay of his execution and sought injunctive relief. We deny his request for a stay and injunctive relief, and we affirm the district court.

## I.

Over the course of many years, Bible molested children, raped women, and murdered at least four people. His crimes garnered him the moniker "the ice pick killer." In 2001, Bible was charged with capital murder for raping and killing Inez Deaton, whose body was found in a field—sexually abused and riddled with stab wounds. Bible was ultimately convicted and sentenced to death.

Shortly after a jury handed down the death sentence in 2003, as Bible was being driven to a prison facility by authorities, his transport vehicle was involved in a serious accident. The drivers were killed, and Bible sustained numerous injuries, including a fractured pelvis and a broken back, neck, arm, and leg. Although Bible was not rendered completely immobile by the accident, he is mostly confined to a wheelchair. Bible's accident precipitated "a constellation of health problems." For example, in 2012, Bible was diagnosed with hypertension, diabetes, deep vein thrombosis, and pulmonary embolism. In 2016, Bible was diagnosed with Parkinson's disease.

In the many years between his sentencing and his current appeal, Bible sought and was denied both direct and habeas relief from his death sentence. In 2016, as relevant to his current appeal, Bible petitioned this court for a COA on the issue of whether his sentence violates the Eighth Amendment because his physical disabilities objectively rendered him no future danger to anyone. *Bible v. Stephens*, 640 F. App'x 350, 354 (5th Cir. 2016). We denied relief, *id.*

2

No. 18-70021

at 358, and the Supreme Court denied certiorari. *Bible v. Davis*, 137 S. Ct. 328, 328 (2016).

On March 19, 2018, the state scheduled Bible's execution for June 27. Bible waited until June 8 to file a complaint against state officials, seeking injunctive and declaratory relief under § 1983. Bible's complaint alleged that the state's statutorily authorized execution protocol, lethal injection, violates his Eighth Amendment rights as applied to him in light of his "galaxy of medical issues"—including heart failure, coronary artery disease, chronic venous insufficiency, chronic obstructive pulmonary disease, Parkinson's disease, diabetes, and hypertension. According to Bible, these medical issues have left him with severely compromised peripheral veins, so it will be difficult, if not impossible, to establish two functioning IVs. This creates a substantial risk of either a botched or aborted execution and a lingering death. By failing to take precautions specific to Bible's predicament, the state officials are acting with deliberate indifference to his medical needs. Bible further alleged that the statutory protocol's prohibition of allowing Bible's attorneys to be present when the state's team inserts the IVs into his veins violates his rights under the First Amendment. He filed motions seeking a stay of his execution, a temporary restraining order, a preliminary injunction, and expedited discovery.

The state opposed Bible's request to stay the execution, arguing that his complaint was dilatory, which lessened the credibility of his allegations. It further argued that Bible's claims were barred under the statute of limitations. Finally, the state contended that Bible's claims were speculative, especially because medical experts have recently been able to gain access to Bible's veins when drawing blood.

3

No. 18-70021

As a threshold matter, the district court determined that Bible's "civil-rights complaint can only proceed if the Court issues a stay of execution."[1] Noting the equitable and discretionary nature of relief inherent in granting a stay, the district court concluded that "Bible's unnecessary delay" in bringing his action was "an independent basis" for denying relief. In support of this conclusion, the district court noted that none of Bible's medical conditions has "suddenly arisen." It looked to the well-documented aftermath of Bible's accident in 2003 and his 2016 petition for habeas relief, arguing his lack of danger to society because of his medical issues. The district court found that nothing "prevented Bible from bringing suit to challenge his execution long before now." Instead, Bible waited mere days before his execution to bring his action. Relying on Supreme Court precedent, the district court dismissed Bible's complaint with prejudice.

Alternatively, the district court concluded that it could not grant a stay of the execution because Bible's claims were unlikely to succeed on the merits. As to Bible's claim that attempting to apply the state's protocol of lethal injection would violate his rights under the Eighth Amendment, the district court found that Bible was unlikely to show, as he must, that he could "establish that the [protocol] presents a risk that is *sure or very likely* to cause serious illness and needless suffering, and give rise to sufficiently *imminent* dangers." *Glossip v. Gross*, 135 S. Ct. 2726, 2737 (2015) (internal quotations omitted).[2] The district court concluded that he was unable to show "any

---

[1] When deciding whether to stay an execution, a court considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009).

[2] The district court noted that Bible did not dispute that a plaintiff bringing an as-applied challenge must meet this requirement.

certainty of constitutionally meaningful injury." In arriving at this conclusion, the district court noted that the contrary opinions of Bible's medical expert, Dr. Sinha, were compromised somewhat because Dr. Sinha did not examine Bible himself, Dr. Sinha incorrectly stated that Bible is confined to a wheelchair, and his report "repeatedly employs exaggerated, emotional, and conclusive language that does not give the impression of detached, impartial analysis."

The district court also concluded that, as required by Supreme Court precedent, Bible was unable to identify an alternative means of execution that is "feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain." *Glossip*, 135 S. Ct. at 2737 (internal quotations omitted). Bible's complaint alleged that either death by firing squad or nitrogen hypoxia satisfied this requirement, but the district court rejected this contention because Texas law and protocol only allow the state to use lethal injection as a means to execute prisoners.

Bible contended that, because his claim is as-applied, Supreme Court precedent requiring plaintiffs bringing facial challenges to make this showing did not apply here. The district court noted that this question is currently pending before the Supreme Court. *See Bucklew v. Precythe*, 2018 WL 1400413 (2018). The district court held, however, that even if plaintiffs bringing as-applied challenges are not required to make this showing, Bible's claim fails on other grounds.

The district court concluded that Bible's deliberate indifference claim was mostly barred by the statute of limitations because he could have challenged the state's protocol—which, for example, does not require the execution chamber to be wheelchair accessible—years before.[3] Relying on its

---

[3] Texas adopted the lethal injection protocol in 2008.

No. 18-70021

conclusion that Bible's claims under the Eighth Amendment were speculative, it concluded that injunctive relief would be inappropriate.

As to Bible's claim under the First Amendment (i.e., the state's protocol does not allow him access to his lawyers during at least a portion of the execution), the district court agreed with the state "that the statute of limitations [for personal injury actions] bars any claim based on Texas protocol and those asserting his right to access the Court." The district court reasoned that Bible has known about the protocol for at least two years, and so it was too late for Bible to bring this claim.[4]

Ultimately, the district court dismissed Bible's complaint with prejudice on June 21. Bible filed his notice of appeal on the same day, and we ordered expedited briefing.

## II.

On appeal, Bible brings four issues: (1) the district court erred when it concluded that Bible unduly delayed bringing his lawsuit and did not warrant equitable relief; (2) the district court erred in numerous ways when denying Bible's motion for a preliminary injunction; (3) the statute of limitations could not have accrued when the harm had not yet occurred; and (4) the district court abused its discretion when it sua sponte dismissed Bible's complaint with prejudice. We address each issue in turn.

## *A.*

The district court dismissed the complaint on the "independent basis" of Bible's delay in filing his lawsuit until 19 days before his scheduled execution. Supreme Court precedent requires federal courts to "protect States from

---

[4] The state argued that the two-year statute of limitations barred *all* of Bible's claims, but the district court disagreed. It reasoned that, at this stage of the litigation, it was unclear when Bible's as-applied challenge became ripe because it was at least possible that Bible's condition worsened sufficiently to allow him to bring his claim within the last two years. The state continues to press this argument on appeal.

No. 18-70021

dilatory or speculative suits." *Hill v. McDonough*, 547 U.S. 573, 585 (2006). ("[A] number of federal courts have invoked their equitable powers to dismiss suits they saw as speculative or filed too late in the day."). On appeal, Bible contends this conclusion was erroneous because he could not have litigated his as-applied claim sooner. He bases this contention on his claim that his unique medical conditions have only recently deteriorated to the point where his execution would be unconstitutional.

We see no error in the district court's conclusion that Bible's suit constitutes a dilatory tactic and therefore warrants no equitable relief. We have upheld a similar decision before. *See White v. Johnson*, 429 F.3d 572, 573–74 (5th Cir. 2005). Because we also agree with the district court's conclusion that Bible's claims warrant no relief on the merits, however, we would affirm regardless of whether this conclusion was erroneous.

*B.*

Bible raises a host of issues, both procedural and substantive, stemming from the district court's denial of his motion for a preliminary injunction. None is persuasive.

As a procedural matter, Bible contends the district court should have held a hearing, should have addressed all of the preliminary injunction factors, and should have considered whether he was entitled to relief on his lingering death and access-to-the-courts claims. None of these arguments is availing.

The district court concluded that, in part because of Bible's delay, it could not grant a stay of his execution to hold a hearing, conduct discovery, and litigate his claims to their end. This court has addressed a similar situation before:

> By waiting until the execution date was set, Harris left the state with a Hobbesian choice: It could either accede to Harris's demands and execute him in the manner he deems most acceptable, even if the state's methods are not violative of the

7

Eighth Amendment; or it could defend the validity of its methods on the merits, requiring a stay of execution until the matter could be resolved at trial. Under Harris's scheme, and whatever the state's choice would have been, it would have been the timing of Harris's complaint, not its substantive merit, that would have driven the result.

*Harris v. Johnson*, 376 F.3d 414, 417 (5th Cir. 2004). As in *Harris*, Bible's delay would drive the result if he were allowed to litigate his claims fully.

Despite Bible's arguments to the contrary, the district court adequately addressed his access-to-the-courts claim when it determined that this contention was time-barred. And the district court's conclusion that Bible could not show that the lethal injection was sure or very likely to cause needless suffering was sufficient to dispose of his lingering death claim.

Turning to his merits-based claims, Bible first contends that the district court erred by applying an incorrect and heightened legal standard when it found that he was unable to show "any certainty of constitutionally meaningful injury." It is true that this language differs from the Supreme Court's command that a plaintiff need only show that his execution is "sure or very likely to cause . . . needless suffering." *Glossip*, 135 S. Ct. at 2737 (emphasis omitted). Although the district court could have been more precise with its language, we do not believe that the district court meant to apply or did apply a heightened standard.

Even if the district court did err and applied a heightened standard, we conclude this error was harmless because Bible cannot show under the Supreme Court's articulation of the standard that the lethal injection protocol will cause him harm of an unconstitutional magnitude. The Supreme Court has stated that to prevail on a claim such as Bible's, "there must be a substantial risk of serious harm, an objectively intolerable risk of harm." *Id.* (internal quotations omitted). Here, Bible's contentions that he will experience

some pain and discomfort when the state's team inserts the IVs into his veins are insufficient to meet this high standard. *See Raby v. Livingston*, 600 F.3d 552, 558 (5th Cir. 2010) (holding a plaintiff must show that he will experience more than "any minor pain involved in multiple attempts to find an adequate vein."); *Wood v. Collier*, 836 F.3d 534, 538 (5th Cir. 2016) ("[T]he Eighth Amendment does not require that execution be painless[.]"). Moreover, his claims that his veins could "blow" are too speculative, especially in light of the undisputed fact that medical personnel have recently been able to draw blood from Bible.

Next, we find no error in the district court's credibility determinations regarding Dr. Sinha, who did not have an opportunity to examine Bible. The district court is not the first to note that Dr. Sinha "gave his opinion in very absolute terms without the reserve in expression and caution in drawing conclusions usually associated with scientific opinion." *In re Ohio Execution Protocol Litigation*, 2017 WL 5020138, at *9 n.11 (S.D. Ohio, Nov. 3, 2017). Bible bears the burden to demonstrate that he is likely to succeed on the merits. It was not wrong for the district court to consider the credibility of Bible's medical expert.

Bible also contends that the irreparable injury prong weighs heavily in his favor. It is true that this argument gains force in light of his impending execution. *See O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982). But, as the district court correctly noted, the Supreme Court has held that a plaintiff is not entitled to a stay as "a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotations omitted). We see no reason to disturb the district court's conclusion that Bible is not entitled to a stay on this basis.

We need not address Bible's argument that the district court erred when it relied on *Whitaker v. Collier*, 862 F.3d 490, 501 (5th Cir. 2017) and *Zink v.*

No. 18-70021

*Lombardi*, 783 F.3d 1089, 1099 (8th Cir. 2015) for the proposition that an as-applied challenge cannot succeed if the constitutional violation is only "an isolated mishap." Even if Bible's argument were correct, that would not change the fact that he has failed to show his execution is "sure or very likely to cause . . . needless suffering." *Glossip*, 135 S. Ct. at 2737 (emphasis omitted). Here the state has not botched any execution since it instituted its protocol. But even if a mishap were to occur in Bible's execution, that post-facto incident alone could not constitute evidence that he was sure or very likely to suffer needlessly ex ante.

Similarly, we need not address Bible's argument that the district court erred when it found that Bible failed to identify an alternative method of his own execution. The district court explicitly concluded that its decision did not hinge upon this factor.[5] Bible failed to show that he is very likely to needlessly suffer, so we decline to rule on this issue.

*C.*

We next consider Bible's contention that the district court erred when holding that the state's affirmative statute of limitations defense barred relief on his claims when the harm has not yet occurred. We review the district court's ruling on a statute of limitations claim de novo. *In re Hinsley*, 201 F.3d 638, 644 (5th Cir. 2000).

As a procedural matter, Bible argues that the state's affirmative defense was improperly raised in response to a preliminary injunction motion and decided on the pleadings alone. He supports this contention by citing language from this court's decision in *Frame v. City of Arlington*: "Because the statute of limitations is an affirmative defense and not a pleading requirement, it is an

---

[5] The Supreme Court has recently granted certiorari on this issue and will likely soon answer the question of whether a plaintiff making an as-applied challenge to a state's execution protocol must demonstrate that an alternative method is available.

10

issue that must be resolved through discovery and summary judgment or trial." 657 F.3d 215, 240 (2011). But the same paragraph of *Frame* also states, "[t]o be sure a complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling." *Id.*

Bible argues that, under our precedent in *Whitaker v. Livingston*, he could not have brought a First Amendment claim challenging Texas's protocol's refusal to allow attorneys to witness the insertion of the IVs into his veins unless his Eighth Amendment claim was ripe. 732 F.3d 465, 467 (5th Cir. 2013) ("[P]laintiffs' access-to-the-courts argument still hinges on their ability to show a potential Eighth Amendment violation. One is not entitled to access to the courts merely to argue that there might be some remote possibility of some constitutional violation."). And because it may not be certain, as the district court concluded, when his Eighth Amendment claim ripened, Bible contends that the statute of limitations did not begin to run on his First Amendment claim until it began to run on his Eighth Amendment claim.

We also find this argument unavailing. First, as noted by the district court, this court has found claims similar to Bible's to be subject to the statute of limitations. *See Whitaker v. Collier*, 862 F.3d 490, 495 (5th Cir. 2017). Second, the case Bible cites, *Livingston*, concerned the state's slight delay in providing information to the prisoners regarding the method of the execution. That is distinguishable from Bible's claim that he will not have access to his attorneys in the execution chamber. And this is the same claim that any prisoner with a death sentence could bring, even if the prisoner were the very picture of health. We conclude that the pleadings establish that Bible's First

11

No. 18-70021

Amendment claims[6] are barred by the statute of limitations, and we are not persuaded by his argument that policy considerations should move us to grant relief despite this bar. Accordingly, granting a stay of execution is not warranted on these grounds because Bible cannot show he is likely to succeed.

Bible recognizes that binding authority from this circuit holds that the statute of limitations applies in § 1983 actions regardless of the nature of the relief. *See Walker v.* Epps, 550 F.3d 407, 408 (5th Cir. 2008). He seeks en banc relief. But this panel is, of course, without authority to contravene *Walker* or demand en banc consideration.

## D.

Finally, Bible urges us to hold that the district court erred when it dismissed Bible's complaint with prejudice. We review such determinations only for abuse of discretion, though that discretion is not unlimited. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). The district court's opinion, despite the time crunch, was thorough and thoughtful. And, when dismissing the case, it correctly relied upon the Supreme Court's exhortation that "[t]he federal courts can and should protect States from dilatory or speculative suits[.]" *See Hill*, 547 U.S. at 585. We have affirmed a dismissal with prejudice under similar circumstances. *See White*, 429 F.3d at 573–74. And we do so now again.

## III.

For these reasons, we DENY Bible's motion for stay of execution and injunctive relief and we AFFIRM the district court.

---

[6] Because the district court decided that Bible's Eighth Amendment claims were not barred by the statute of limitations, we need not address Bible's contentions that the statute of limitations does not bar them.