# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-10447
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2024

Lyle W. Cayce
Clerk

Thomas Sawyer,

*Plaintiff—Appellant*,

*versus*

Caryn Die; Tammy Messimer; Daniel A. Lakin;
Ruben Sapin; Marcia Odal; Pepper Bradberry,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:15-CV-92

———————————————————————

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

    Thomas Sawyer, Texas prisoner #579557, appeals the dismissal of his 42 U.S.C. § 1983 suit after the district court had granted summary judgment. Sawyer alleged that the defendants were deliberately indifferent to his serious medical needs and used excessive force because they continued to back-cuff him despite being aware that he had an injury that caused his shoulder to

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

dislocate when he was restrained in that manner.  On appeal, Sawyer maintains that the court erred in denying him leave to proceed IFP on appeal and in granting summary judgment.

Sawyer also avers that the district court violated his due process and equal protection rights and his right to access to the courts because it included a racial designator, BL, in the caption of his case; erred in dismissing any new claims that were unrelated to his allegation that he was in imminent danger because guards used excessive force in back-cuffing him; abused its discretion in severing his claims; abused its discretion in not concluding that 28 U.S.C. § 1915's three-strikes provision is unconstitutional; abused its discretion by rejecting his second amended complaint; improperly denied him access to the courts; violated his Fifth and Fourteenth Amendment due process rights by dismissing some parties to the suit; and abused its discretion by refusing to grant various motions for a temporary restraining order or an injunction.

Sawyer's notice of appeal does not mention these rulings or evince an intent to appeal them.  *See In re Hinsley*, 201 F.3d 638, 641 (5th Cir. 2000).  Moreover, requiring the defendants to address these issues would be unduly prejudicial.  *Id.*  Accordingly, we lack jurisdiction to consider them, given that they are outside the scope of Sawyer's appeal.  *Id.*

To the extent that Sawyer is challenging the denials of his IFP motions, he presented the same or substantially similar arguments in his IFP motion before this court.  Because this court has already denied Sawyer's IFP motion and because he has paid the filing fee, we need not readdress these issues.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

We review a summary judgment *de novo*.  *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).  Regarding his deliberate-indifference claims, Sawyer did not allege facts that establish that defendants Marcia

Odal, M.D., and Pepper Bradberry, a nurse, "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted).  Sawyer's mere disagreement with the course of his medical treatment and his insistence that he should have received further treatment in the form of the issuance of a handcuff-modification pass are not sufficient to support a claim of deliberate indifference.  *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Domino*, 239 F.3d at 756.

Regarding his excessive-force claim, Sawyer did not allege facts that establish that defendants Tammy Messimer, Caryn Die, Ruben Sapin, and Daniel Lakin, correctional officers, applied malicious and sadistic force with the intent to cause harm rather than in a good-faith effort to maintain discipline.  *See Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).  Moreover, Sawyer does not allege facts that demonstrate that the district court erred in concluding that the defendants were entitled to qualified immunity because he had not demonstrated that they violated a clearly established constitutional right.  *See Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc)

The judgment is AFFIRMED.  Sawyer's motions for a temporary injunction pending appeal and appointment of counsel are DENIED.