# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2007

Charles R. Fulbruge III
Clerk

No. 07-40114
Summary Calendar

ROBERT THOMAS

Plaintiff-Appellant

v.

TRICO PRODUCTS CORP; TOMKINS PLC; JIM GAITHER; JOHN WIN; GATES CORPORATION

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CV-174

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert Thomas ("Thomas") appeals the district court's grant of the defendants' motion for summary judgment.[1]  We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Thomas originally sued five defendants for employment discrimination.  On January 12, 2006 and March 28, 2006, the district court dismissed the claims against two of the defendants, Tompkins PLC and Gates Corporation, respectively, for lack of personal jurisdiction.  Thomas appeals those dismissals here; however, because his claims against all defendants fail on the merits, we decline to reach the question of whether personal jurisdiction exists regarding Tompkins PLC and Gates Corporation.  The remaining defendants, Trico

Trico hired Thomas as a tool maker in 2001. Thomas, who is from India, demonstrated chronic attendance problems, resulting in multiple warnings and, ultimately, suspension. On January 26, 2002, Trico administered a written warning to Thomas regarding his attendance. Thomas acknowledged his problem with poor attendance, but proceeded to incur twenty-one unexcused incidents of tardiness or absences after the written warning. On April 24, 2002, Trico issued a second written warning regarding Thomas's attendance, but the problems persisted. Finally, Trico suspended Thomas for three days on November 25, 2002.

On April 2, 2003, Thomas was held in contempt of court in a child custody matter and was incarcerated indefinitely. He had no available annual leave and had been told by Trico that any further absences would result in his discharge. Rather than being fired, he voluntarily resigned from Trico. On August 4, 2003, he reapplied for employment with Trico as a tool maker. Although Trico told Thomas that another candidate had applied for the job, Thomas admits that he did not include all of his experience on his application, thinking that the application process was a "formality." Trico considered both applicants, who had similar experience and education, including having worked for Trico, and hired the other applicant, Gary Eich ("Eich").

Thomas filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that Trico discriminated against him on the basis of his national origin and race when they hired Eich instead of him. The EEOC dismissed Thomas's case and informed him on February 28, 2005 of his right to sue in federal court. Thomas filed a lawsuit against Trico in federal district court on May 31, 2005, alleging employment discrimination under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 ("Title VII"), as

Products Corporation, Jim Gaither, and John Win, are collectively referred to as "Trico."

amended, 42 U.S.C. §§ 2000e-2000h-6. On July 25, 2006, the district court granted summary judgment in favor of Trico. Thomas now appeals that ruling.

This Court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court. Strong v. Univ. Healthcare Sys., L.L.C., 482 F.3d 802, 805 (5th Cir. 2007). Summary judgment is proper when there exists no genuine issue of material fact and the movant is entitled to judgment as matter of law. FED. R. CIV. P. 56(c). "The evidence and inferences from the summary judgment record are viewed in the light most favorable to the nonmovant." Minter v. Great Am. Ins. Co. of N.Y., 423 F.3d 460, 465 (5th Cir. 2005). To survive a summary judgment motion, the nonmovant "need only present evidence from which a jury might return a verdict in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

Title VII disallows discrimination in hiring or termination of an individual based on his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). In cases where no direct evidence exists, we analyze discrimination claims under Title VII using the burden-shifting framework created by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).[2] In cases involving termination for workplace rule violations, an individual must first establish a prima facie case for discrimination. Id. at 802. Thomas can establish a prima facie case for discrimination if he can show that (1) he is a member of a protected class, (2) he was qualified for the position for which he applied and for which the employer was seeking applicants, (3) he was not hired despite his qualifications, and (4) someone outside of the protected class was hired instead. Crawford v. U.S. Dep't of Homeland Sec., Nos. 06-11163, 06-

---

[2] The analysis for claims under § 1981 and Title VII employ identical burden-shifting frameworks for evaluating discrimination claims, so we analyze Thomas's claims under both simultaneously. See Jones v. Robinson Prop. Group, L.P., 427 F.3d 987, 992 (5th Cir. 2005); Raggs v. Miss. Power & Light Co., 278 F.3d 463, 468 (5th Cir. 2002).

11387, 2007 WL 2348661, at *6 (5th Cir. Aug. 16, 2007); Septimus v. Univ. of Houston, 399 F.3d 601, 609 (5th Cir. 2005). If a prima facie case for discrimination can be established, then the burden shifts to the defendants to rebut Thomas's case by articulating a legitimate, nondiscriminatory reason for his rejection. McDonnell Douglas, 411 U.S. at 802. If the defendants present such a reason, then the burden shifts back to Thomas to show that the defendants' reasons for refusing to hire him are not true, but are mere pretexts for discrimination, or that the reasons are true, but his national origin was a motivating factor. McDonnell Douglas, 411 U.S. at 804–05.

Here, Thomas succeeds in establishing a prima facie case for discrimination based on his national origin. Thomas is a member of protected class because of his ancestry and national origin. He applied for an advertised job for which he was qualified. Trico did not hire him, but instead hired someone outside of Thomas's protected class. To rebut Thomas's prima facie case, Trico articulates legitimate, nondiscriminary reasons for rejecting his application. Trico contends that Eich's reliability, loyalty, ties to the community, and demonstrated longevity in the field of tool- and die-making without gaps in employment made him a superior candidate compared to Thomas, who, although possessed similar qualifications, nevertheless had a less stable employment record, a criminal history, and was on his final warning for attendance before he resigned from Trico. Trico had employed both Eich and Thomas before, so it was in a unique position to evaluate their respective work ethics and abilities.

Shifting the burden of proof back to Thomas, he may prove that Trico's reasons for not hiring him were pretextual by demonstrating that he was "clearly better qualified" than Eich. Manning v. Chevron Chem. Co., 332 F.3d 874, 882 (5th Cir. 2003). Thomas attempts to show that he was better qualified than Eich by presenting his educational background and his technical skills as a tool-maker, even though he admits he did not list all of these qualifications on

4

his application. He argues that Eich's work experience and education fail to meet the minimum qualifications listed in Trico's job advertisement. We have held, however, that "better education, work experience, and longer tenure with the company do not establish that [an applicant] is clearly better qualified," meaning that an employer has a right to depart from published job requirements and to value certain attributes over others. Price v. Fed. Express Corp., 283 F.3d 715, 723 (5th Cir. 2002). "[T]he employer's judgment as to qualifications will not be probative of the issue of a discriminatory motive unless the qualifications are so widely disparate that no reasonable employer would have made the same decision." Deines v. Tex. Dep't of Protective and Regulatory Servs., 164 F.3d 277, 282 (5th Cir. 1999). Ultimately, the law requires only that the employer's decision is "somewhere within the realm of reason." Id.

When viewing the two applications before it, Trico found the work experience between Thomas and Eich to be similar. Trico hired Eich based upon his observed work ethic, acceptable attendance record, and lack of criminal history. We hold that Thomas has failed to disprove Trico's legitimate, nondiscriminatory explanation that Eich was better qualified for the position. He also has not presented other evidence of pretext for discrimination, nor has he shown that his national origin was a motivating factor in Trico's hiring decision.[3]

Therefore, the judgment of the district court is AFFIRMED.

---

[3] Thomas raises issues for appeal in his brief regarding the district court's decisions on discovery that are outside the scope of this proceeding and are not enumerated in his notice of appeal. "Rule 3(c) of the Federal Rules of Appellate Procedure requires that the notice of appeal specify the order from which the appeal is taken." Hinsley v. Boudloche (In re Hinsley), 201 F.3d 638, 641 (5th Cir. 2000). Therefore, we decline to address those arguments.