# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2023

Lyle W. Cayce
Clerk

_____

No. 22-20586
_____

Mary Norsworthy,

*Plaintiff—Appellant*,

*versus*

Houston Independent School District,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-821

_____

Before Wiener, Southwick, and Duncan, *Circuit Judges*.
Stuart Kyle Duncan, *Circuit Judge*:

Mary Norsworthy sued her employer Houston Independent School District ("HISD") for retaliation and age discrimination. The district court dismissed Norsworthy's complaint for failing to state a claim. Her amended complaint was also dismissed. Norsworthy appeals. We affirm.

I.

Although neither party raises the issue, we *sua sponte* consider our appellate jurisdiction. *See Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999). Norsworthy's notice of appeal refers only to the order denying her

Rule 59 motion to alter or amend the final judgment, not to the final judgment itself. At one time, this may have presented an obstacle to our reviewing the final judgment.

The prior version of Federal Rule of Appellate Procedure 3(c) required the notice of appeal to "designate the judgment, order, or part thereof being appealed." FED. R. APP. P. 3(c)(1) (2019) (amended 2021). Some courts, including ours, read that language to preclude review of orders not specifically mentioned in the notice of appeal. *See Thomas v. Trico Prods. Corp.*, 256 F. App'x 658, 663 n.3 (5th Cir. 2007) ("Rule 3(c) of the Federal Rules of Appellate Procedure requires that the notice of appeal specify the order from which the appeal is taken." (quoting *In re Hinsley*, 201 F.3d 638, 641 (5th Cir. 2000))); *see also, e.g.*, *Stephens v. Jessup*, 793 F.3d 941, 943 (8th Cir. 2015) ("[A] notice which manifests an appeal from a specific district court order or decision precludes an appellant from challenging an order or decision that he or she failed to identify in the notice."). That approach might have precluded appellate jurisdiction here, because the notice of appeal designated only the Rule 59 denial and not the final judgment. *See, e.g.*, *PHL Variable Ins. Co. v. Town of Oyster Bay*, 929 F.3d 79, 88–89 (2d Cir. 2019) (finding no appellate jurisdiction in such a circumstance).[1]

Recent amendments to Rule 3, however, clarify that we have jurisdiction to review the final judgment in this case. *See generally* FED. R. APP. P. 3, Advisory Committee Notes, 2021 Amendments ["2021 Advisory Committee Notes"]; *see generally Gonpo v. Sonam's Stonewalls & Art, LLC*,

---

[1] Even so, we sometimes reviewed orders not listed in the notice of appeal, given that "a policy of liberal construction of notices of appeal prevails . . . [when] the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party." *Hinsley*, 201 F.3d at 641 (alteration in original) (quoting *Warfield v. Fidelity & Deposit Co.*, 904 F.2d 322, 325 (5th Cir. 1990)).

No. 22-20586

41 F.4th 1, 9–12 (1st Cir. 2022) (discussing 2021 amendments). In 2021, the following subsection was added to Rule 3(c):

> **(5)** In a civil case, a notice of appeal encompasses the final judgment, whether or not that judgment is set out in a separate document under Federal Rule of Civil Procedure 58, if the notice designates:
>
> > **(A)** an order that adjudicates all remaining claims and the rights and liabilities of all remaining parties; or
> >
> > **(B)** an order described in Rule 4(a)(4)(A).

Rule 4(a)(4)(A), in turn, refers to orders disposing of certain motions, including post-judgment motions under Federal Rules of Civil Procedure 59 and 60. *See* 2021 Advisory Committee Notes (new Rule 3(c)(5) seeks "[t]o reduce the unintended loss of appellate rights in this situation").[2]

Applying amended Rule 3(c), we conclude we have jurisdiction to review the final judgment. Under the new rule, a notice of appeal "encompasses the final judgment" if it designates "an order described in Rule 4(a)(4)(A)." Fed. R. App. P. 3(c)(5)(B). Norsworthy's notice of appeal designated the district court's order disposing of her motion to alter or amend the judgment under Rule 59, which is an order described in Rule 4(a)(4)(A). *See id.* 4(a)(4)(A)(iv) (describing "the order disposing of the last

---

[2] In addition to amending Rule 3(c)(5), the 2021 amendments made other clarifying changes to Rule 3. For instance, the "part thereof" phrase was deleted from Rule 3(c)(1). This was done "to avoid the misconception that it is necessary or appropriate to designate each and every order of the district court that the appellant may wish to challenge." 2021 Advisory Committee Notes. The Rule now simply provides that a notice of appeal "must . . . designate the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). Additionally, the Rule now expressly provides that "[t]he notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal." *Id.* 3(c)(4).

No. 22-20586

. . . remaining motion to alter or amend the judgment under Rule 59"). Consequently, her notice of appeal encompasses the final judgment.[3]

## II.

We turn now to the merits of this case. "We review *de novo* the [district court's] grant of a Rule 12(b)(6) motion to dismiss." *Lampton v. Diaz*, 639 F.3d 223, 225 (5th Cir. 2011). We accept as true all well-pleaded facts and construe the complaint in the light most favorable to the plaintiff. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). However, we "do not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Ibid.* (quoting *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010)). A complaint should instead include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In an employment discrimination case, the complaint need not "contain specific facts establishing a prima facie case of discrimination under the framework set forth . . . in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). "The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Id.* at 510. For that reason, Norsworthy condemns the district court's reliance on the prima facie case as misplaced. Norsworthy is right that "the *McDonnell Douglas* standard does not govern at the motion-to-dismiss stage." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1210 (5th

---

[3] Amended Rule 3(c)(6) allows an appellant to "designate only part of a judgment or appealable order by expressly stating that the notice of appeal is so limited." FED. R. APP. P. 3(c)(6). Norsworthy's notice of appeal, however, contains no such express statement. "Without such an express statement, specific designations do not limit the scope of the notice of appeal." *Ibid.*

No. 22-20586

Cir. 2021). But a plaintiff is still required "to plead sufficient facts on *all of the ultimate elements*" of her claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (emphasis added). And to frame that inquiry, a district court may find it helpful to reference *McDonnell Douglas. See Scott*, 16 F.4th at 1210. In light of that, the district court applied the correct standard when assessing whether Norsworthy adequately pled sufficient facts to establish all the elements of her claims.

Norsworthy's amended complaint brings three categories of claims. The first is a retaliation claim pursuant to Title VII, the Age Discrimination in Employment Act ("ADEA"), and Section 21.055 of the Texas Labor Code. To state a retaliation claim, a plaintiff must show: "(1) she was engaged in a protected activity; (2) she was subjected to an adverse employment action; and (3) there was a causal connection between the protected activity and adverse employment action." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs.*, 810 F.3d 940, 945 (5th Cir. 2015).[4] The complaint is hard to understand, and parts of it fail even to establish the adverse action prong. For example, the complaint offers no specifics about the "forms of retaliation, harassment, taunting, and badgering" to which Norsworthy was allegedly subjected.

As to the remainder of the retaliation claim, even assuming Norsworthy adequately pled elements (1) and (2), we would still sustain the district court's dismissal. As that court explained, the complaint fails to allege facts that could show a causal link between any alleged protected activities (such as filing grievances) and the alleged adverse actions (such as

---

[4] That is the standard under Title VII. The standards under the ADEA and Texas law are substantially similar. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496–97 (5th Cir. 2015) (describing requirements under the ADEA); *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 585 (Tex. 2017) (describing requirements under Texas law).

5

failures to promote). Specifically, there were no facts alleged to suggest that those responsible for hiring decisions knew about any of the grievances Norsworthy filed.[5] *See Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 478–79 (5th Cir. 2015). And the failures to promote were temporally remote from the alleged protected activity, underscoring the thinness of the causal link. *See ibid.*

Norsworthy next alleges an age discrimination claim pursuant to the ADEA and Section 21.051 of the Texas Labor Code. "To establish a prima facie case of [age] discrimination under [the ADEA and Section 21], the plaintiff must establish that 'she (1) was a member of the protected class [forty years of age or older], (2) was qualified for the position at issue, (3) suffered a final, adverse employment action, and (4) was either (a) replaced by someone [outside the protected class] or (b) otherwise treated less favorably than others who were similarly situated but outside the protected class.'" *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321–22 (5th Cir. 2021) (quoting *Texas Tech Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020)). We agree with the district court that Norsworthy did not allege sufficient facts for this claim. For example, the complaint offers nothing about Norsworthy's qualifications for the promotions. It also provides little to nothing about what the positions actually were and what the ages and qualifications were of those who were given promotions. Pleading standards are not meant to be stringent, but more is required than this "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

---

[5] Additionally, the complaint offers little detail about what positions Norsworthy applied for and when she applied for them.

No. 22-20586

Finally, Norsworthy alleges a retaliation claim under the Family and Medical Leave Act ("FMLA"). Such claims are analyzed under the same framework as Title VII retaliation claims. *See Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389–90 (5th Cir. 2013). We again agree with the district court that the complaint fails to allege sufficient facts for this claim. For example, the complaint offers no specifics or context about Norsworthy's alleged "demot[ion] and transfer[] to a lower rank station a week after inquiring about taking FMLA leave because of her COVID diagnosis." And having failed to allege facts supporting a causal link between any FMLA protected activity and adverse action, Norsworthy's claims fail for the same reasons as her other retaliation claims.

AFFIRMED.