# United States Court of Appeals for the Fifth Circuit

---

No. 23-10255
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 27, 2023

Lyle W. Cayce
Clerk

Stephen Barnes,

*Plaintiff—Appellant*,

*versus*

James Walters; Andre Salone; Stephen Holt; Dallas VA Medical Center,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-3099

---

Before Smith, Southwick, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Stephen Barnes, pro se plaintiff-appellant, moves for leave to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his civil complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In his complaint and on appeal, he claimed that his employer—the Dallas Department of Veterans Administration Medical Center—and individuals

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

who worked there engaged in age-based employment discrimination, retaliation, and wrongful termination against him pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634.

To proceed IFP, Barnes must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Jackson v. Dall. Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). We review de novo a dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A plaintiff fails to state a claim upon which relief can be granted when the claim does not contain "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

With respect to his age discrimination claim, Barnes failed to allege his "qualifications for the promotions," as well as "what the positions actually were and what the ages and qualifications were of those who were given promotions." *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 337 (5th Cir. 2023). As to the retaliation claim, he failed to "allege facts that could show a causal link between any alleged protected activities (such as filing grievances) and the alleged adverse actions (such as failures to promote)." *Id.*

Because Barnes has not demonstrated that his appeal involves "legal points arguable on their merits," his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted); *see Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.